## GODFREY GAMBLE, RESPONDENT, *v.* DUNWELL, ANKNEY ET AL., APPELLANTS.

PRACTICE—APPEAL.—Upon an appeal from a judgment, without a statement or bill of exceptions, nothing can be considered but the judgment roll.

FINDINGS OF COURT.—When a court fails to find upon a question, that question can not be considered for the first time in this court, unless the finding is necessary to enable the court to render judgment.

IDEM.—*Held*, that all questions put in issue and not found upon by the district court would have been found against the appellants, or were deemed immaterial.

JURISDICTION—EQUITY.—The fact that the property is not within the jurisdiction of the court constitutes no bar in a court of equity, for a court of equity acts upon the person.

APPEAL from the first judicial district, Nez Perce county.

*J. B. Rosborough,* for the appellants.

*Ainslie & Foote,* for the respondent.

KELLY, J. delivered the opinion, BOWERS, C. J., and MILLER, J., concurring.

This is an appeal brought from the first judicial district. The defendants had notice of the findings and judgment of the court below, but made no motion for a new trial.   At the next term of the court they made an ineffectual effort to file a motion for a new trial, but the same was not allowed, and the case comes here on an appeal from the judgment of the. court below, and nothing can be considered but the judgment roll.   It is an equity case brought for the foreclosure of a mortgage upon personal property.   The complaint alleges that Dunwell mortgaged certain personal property, then being on the Nez Perce Indian Reservation, at a way station known as the Twelve-mile House in Nez Perce county, Idaho territory.   The complaint further charges that defendants, Nixon and the Ankneys, with the full knowledge of plaintiff's mortgage and his ownership in said property, and with intent to cheat and defraud plaintiff out of the same, conspired together, took and disposed of said property or a certain portion thereof, and hold or claim the residue thereof under a pretended sale from the defendant Nixon to the defendants Ankneys, and that said sale or pretended ownership of Nixon and the Ankneys is without any consideration whatever.   The prayer of the complaint asks to have the defendants Nixon and the Ankney account to the court for the property claimed by them, and all property that remains be sold, etc., in the usual form of the foreclosure of a mortgage.

The defendant Dunwell allows a default to be entered against him, and the defendants, Nixon and the Ankneys, answer, and admit the taking and conversion of all the property, but deny that the plaintiff had any mortgage or ownership in the property, or that they had any knowledge of the same, or that they committed any fraud; and for a further answer, justify by saying that Dunwell and Nixon were partners, and owned said property as partnership property, and that the defendants Ankneys were creditors of said Dunwell and Nixon, and they bought said property of Nixon to pay said

partnership debts. They make a further plea to the juris-
diction of the court, by saying that the said Dunwell had
no right to grant, convey, or mortgage said property, and
that the execution of said pretended mortgage did not con-
vey any title to said plaintiff whatever to said property men-
tioned in plaintiff's complaint, for that the said premises
are situated upon the Nez Perce Indian reservation, and
therefore not subject or capable of being sold, granted, or
conveyed, as alleged, and are not within the jurisdiction of
the court. The court below found in favor of all the neces-
sary allegations in plaintiff's complaint to charge the de-
fendants in appeal, and against the denials and matters in
avoidance set up in the answer, and that the defendants
Ankneys had consumed, sold, and converted all of said
property, or placed the same beyond the jurisdiction of the
court, and rendered judgment against the Ankneys for the
value of the property so converted.

It is contended by appellant's counsel that Dunwell and
Nixon were creditors of the Ankneys, and that fact appears
by the complaint. The complaint and answer, in this and
some other particulars, are almost incomprehensibly drawn.
The only allegation in the complaint is, that the Ankneys
have a docketed judgment against Dunwell and Nixon for
one thousand four hundred and five dollars. The answer
says that they had this judgment entered, but entered satis-
faction at the same time, so that in case their title to the
property failed they could have satisfaction set aside; they
claimed nothing under it. The complaint is filed nearly a
year after the taking of the property by the Ankneys, and
does not show when the judgment was docketed or anything
further about their being creditors, and the court does not
find when they became creditors, or whether they were ever
creditors of Dunwell and Nixon.

We have already held, in the case of *Hazard* v. *Cole et al.*,
that when the court fails to find upon a question, the ques-
tion can not be considered for the first time in this court,
unless the finding would be necessary to enable the court to
render judgment. The court did find in this case that the
Ankneys had full notice of the mortgage or sale to Gamble,

and that Nixon had no title to the property, and that the Ank-neys purchased the same without consideration. And this is sufficient to charge the Ankneys, though the property be in the possession of the mortgagor. For it must be held that all questions put in issue and not found upon would have been found against the appellants, or they were deemed im-material. From the findings of the court below, it does not appear that the Ankneys had any title or right to the prop-erty more than any stranger. They took the property as trespassers under a pretended sale from Nixon. From the answer, and from the first, fifth, sixth, and seventh findings of the court, it would appear that the defendants in appeal relied upon the title of Nixon to them, and that Nixon's title grew out of an existing partnership with Nixon and Dunwell; and that the court had no jurisdiction in this, that the property was on an Indian reservation. Those findings are against the appellants, and of course, if Nixon had no title, he did not convey any to the Ankneys, and the absolute title being in the mortgagee, Gamble, he had to presume the property against the trespasser or fraudulent holder, or recover his judgment for the conversion. The fact that the property was not within the jurisdiction of the court con-stitutes no bar in a court of equity if the person is within the jurisdiction; for a court of equity acts upon the person.

For these reasons we must affirm the judgment of the court below.

Judgment affirmed. _____