(January 24, 1898.)

## WILCOX v. WELLS.

[51 Pac. 985.]

ERRONEOUS DESCRIPTION.—Section 4229 of the Revised Statutes of Idaho construed and applied to this case.

(Syllabus by the court.)

APPEAL from the District Court, Bear Lake County.

J. C. Rich and E. E. Chalmers, for Appellants.

As a general rule, no final judgment can be amended after the term at which it was rendered. The law does not authorize the correction of judicial errors under the pretense of correcting clerical errors. To entitle a party to an order amending a judgment he must establish that the entry as made does not conform to what the court intended it to be when it was

ordered. (Freeman on Judgments, sec. 70; Black on Judgments, sec. 154; 12 Ency. of Law, 120; *Benson v. Anderson,* 14 Utah, 334, 47 Pac. 143; *Jones v. New York Life Ins. Co.,* 14 Utah, 215, 47 Pac. 74; *State ex rel. Hay v. Harper,* 56 Mo. App. 612; *McChesney v. City of Chicago,* 161 Ill. 110, 43 N. E. 703.)

T. L. Glenn, for Respondent.

The contention of the appellants now is that the court did not have jurisdiction to correct the error in the description on motion made after the term had expired. The rule of law, as stated in appellants' brief, may be admitted to have been the law prior to the passage of jeofails statutes. The contention involves the construction of section 4229 of the Revised Statutes of this state, and it may be remarked, in passing, that the whole code is to receive a liberal construction at the hands of the courts. (*Stannard v. Hubbell,* 123 N. Y. 520, 25 N. E. 1084.) It is a clerical error, a mistake of the draftsman, as before stated, and by all courts is held to be excusable negligence because of its frequent occurrence in the labors of even the most careful and painstaking scriveners. (*Jones v. New York Life Ins. Co.,* 14 Utah, 215, 47 Pac. 74; *Benson v. Anderson,* 14 Utah, 334, 47 Pac. 143.)

HUSTON, J.—On February 23, 1897, the respondent recovered judgment against defendants in an action of ejectment for the recovery of certain real estate situate in Bear Lake county, Idaho. It seems that the land in question was of an irregular shape, and that in describing it, both in the complaint and in the judgment, which followed the description in the complaint, an erroneous description of the land was given. The description, as given in the complaint and judgment, was: "Commencing at the southeast corner of the northeast quarter of the southeast quarter of section fifteen (15), township fourteen (14) south, of range forty-three (43) east of Boise meridian"; whereas the true description should have been: "Commencing at the southeast corner of the northwest quarter of the southeast quarter of section fifteen (15)," etc. The mistake or error consisted in putting in the word "northeast" instead of "northwest," a purely clerical mistake. The evidence shows that there was no ques-

tion as to what land was intended to be described. On the 18th of August, 1897, respondent served notice on defendants in the ejectment suit (appellant's here) and their attorneys of a motion to be heard before the district court for Bear Lake county on the 23d of August, 1897, that being the first day of the then next term of said court, to correct said description in the complaint and in the judgment in said ejectment suit. Upon the hearing said motion was allowed by the court, and an order made correcting said description in the complaint and judgment. From said order this appeal is taken.

Section 4229 of the Revised Statutes of Idaho, provides, *inter alia,* "that the court may relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; and whenever for any reason satisfactory to the court or the judge thereof, the party aggrieved has failed to apply for the relief sought during the term at which such judgment, order or proceeding complained of was taken, the court or the judge thereof in vacation may grant the relief upon application made within a reasonable time not exceeding six months after the adjournment of the term." The mistake was purely a clerical one, of a character frequently occurring in cases of lengthy descriptions of land, as was that in this case. There is no question as to what land was intended to be covered by both the complaint and the judgment. The surveyor who made the survey testified, "I could begin at any one of the fourteen points mentioned in the survey, and trace the true lines, and make the survey as it is." The relief sought is clearly given by the statute. The respondent has brought himself strictly within the rule. To have denied the relief would not only have been a denial of justice, but an abrogation of the statute.

Counsel for appellants have cited a number of federal decisions, but they have no application to this case. The relief sought is purely statutory, and does not come within, and is not to be construed or governed by, the rules of equity. The only question to determine here is, Has the party brought himself within the rule of the statute? The record shows that he has. The judgment of the district court is affirmed, with costs.

Sullivan, C. J., and Quarles, J., concur.