651 P.2d 539

**GLACIER GENERAL ASSURANCE COMPANY, a Montana corporation, Plaintiff-Appellant,**

v.

**Mike HISAW, Defendant-Respondent.**

**No. 13577.**

Supreme Court of Idaho.

Sept. 17, 1982.

John P. Howard, of Quane, Smith, Howard & Hull, Boise, for plaintiff-appellant.

Roger D. Ling, of Ling, Nielsen & Robinson, Rupert, for defendant-respondent.

McFADDEN, Justice.

The instant appeal is from the entry of partial summary judgment in favor of Mike Hisaw against Glacier General Assurance Company, on a fire insurance policy issued by Glacier on property owned by Hisaw which was destroyed by fire. The partial summary judgment was certified under I.R.C.P. 54(b). For the following reasons the appeal is dismissed.

Mike Hisaw owned certain real property in Paul, Idaho, upon which was located a motel, gift shop, and a bar, known as "The Rocking Chair Bar." The property was insured against loss from fire under an insurance policy issued by Glacier General Assurance Company (hereinafter Glacier or insurer). The insurance policy contained the condition that "[Glacier] shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured ...." On November 20, 1978, the building in which the bar was located was destroyed by fire.

Hisaw made timely notice to Glacier, seeking a settlement under the insurance policy for the loss occasioned by the fire. Glacier refused to settle, and then brought a declaratory judgment action against Hisaw. Specifically, the relief sought was an adjudication that the insurer was absolved from liability under the provision of the insurance policy relating to an increase in hazard within the control or knowledge of the insured.

In answer to Glacier's complaint for a declaratory judgment, Hisaw alleged that the complaint failed to state sufficient facts to constitute a claim upon which relief can be granted and denied the allegations of the complaint that the hazard of loss to the insured premises was increased by any means within his control or knowledge. In addition, Hisaw filed a counterclaim, which set forth three different claims for relief. First, Hisaw sought a money judgment in the sum of $73,000.00 plus accrued interest against Glacier for the maximum amount of recovery allowed under the terms of the insurance policy. Second, Hisaw sought punitive damages in the sum of $40,000.00 against Glacier for unfair claim settlements practices. Finally, an award of reasonable attorney fees in the sum of $20,000.00 was sought.

Hisaw subsequently moved the district court, pursuant to I.R.C.P. 56, to enter summary judgment dismissing Glacier's complaint and in his favor for the relief demanded under his counterclaim. The motion also requested that "[i]f summary judgment is not rendered in counter-claimant's favor upon the whole case or all of the relief asked and a trial is necessary, that the court ... ascertain what material facts are actually and in good faith controverted, and thereupon make an order specifying the facts that appear without substantial controversy and directing such further proceedings in the action as are just."

Following a hearing on the matter, the district court ordered that Hisaw's motion for summary judgment be granted partially, insofar as the motion related to Glacier's liability or obligation under the insurance policy. In so ordering, the district court adjudged as a matter of law that the insured had not increased the hazard of loss to the insured premises by any means with-

in his control or knowledge so as to avoid coverage under the insurance policy. Accordingly, partial summary judgment was entered on November 5, 1979. It reads as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion for Summary Judgment be, and hereby is, partially granted; that the Plaintiff Glacier General Assurance Company is obligated under the insurance policy in question to pay for Defendant Hisaw's loss, with statutory interest from February 28, 1979; and that the Motion for Summary Judgment is denied as to Plaintiff's liability for punitive damages and attorney's fees."

With regard to the partial summary judgment, the district court made the following findings pursuant to I.R.C.P. 54(b): "[T]here is no just reason for delay of the entry of a final judgment and ... hereby direct[s] that the above Judgment or Order shall be a final judgment upon which execution may issue and appeal may be taken ..."

Thereafter Hisaw moved the district court to amend the partial summary judgment. The motion reads:

"COMES NOW the defendant and counterclaimant, Mike Hisaw, by and through his attorney, and moves the Court to amend its Order on Defendant's Motion for Summary Judgment and Partial Summary Judgment, to provide that defendant have partial summary judgment in the sum of $73,000.00, plus interest thereon at the rate of 8% per annum from February 28, 1979, on the grounds and for the reasons that there is no genuine issue as to the material fact that the face amount of the policy is $73,000.00, that the property insured was totally destroyed and that the actual cash value of the property at the time of the loss far exceeds the face amount of the policy, as shown by the affidavit in support of this motion attached hereto and made a part hereof, together with the affidavits previously filed herein."

Glacier also moved the district court to clarify the partial summary judgment so that it reflects "that the issue of 'increased hazard' has been fully resolved as to both the declaratory judgment action and the counterclaim."

A hearing was held on the respective motions, and the district court subsequently ordered that the following amendments to its partial summary judgment be entered:

"1. That there is no genuine issue as to any material fact as to the face amount of the policy issued by plaintiff to defendant, and the policy limitations are in the sum of $73,000.00.

2. That there is no genuine issue as to any material fact as to the amount of the loss defendant is entitled to recover from plaintiff as a result of the loss by fire to the personal property insured by plaintiff's policy, which sum is $13,000.00.

3. That there is a genuine issue as to the material fact of the amount of the loss to defendant's building insured by the policy issued by plaintiff to defendant, as a result of the fire of November 20, 1978, and defendant's Motion for Summary Judgment in the sum of $60,000.00 for the loss of the building by fire is denied.

4. That plaintiff's complaint for a declaratory judgment should be dismissed, with prejudice, and defendant is entitled to recover from plaintiff the losses sustained by him to his real property and personal property within the policy limits as to the extent the losses have been or are determined."

Glacier thereafter perfected the instant appeal.

■ The partial summary judgment appealed from is in effect a pre-trial order, resolving for purposes of the case, those questions about which it was determined there was no genuine issue of material fact, *i.e.*, the insurer's liability under the terms of the insurance policy, and noting what specific issues remained for trial. In particular, as to the first claim for relief presented by way of Hisaw's counterclaim, the district court determined that (1) Glacier is liable to

Hisaw within the policy limits for the losses sustained by him to his real property and personal property as a result of the fire and (2) there is no genuine issue of any material fact as to the amount of the loss Hisaw is entitled to recover from Glacier as a result of the loss by fire to the personal property insured by Glacier's policy, *i.e.,* $13,000.00. The partial summary judgment though left for resolution the issue of the amount of the loss to Hisaw's building insured by the policy issued by Glacier to Hisaw. There also remained after the entry of partial summary judgment the question of the liability of Glacier for punitive damages as well as the question of an award of reasonable attorney fees. Thus, from the standpoint of Hisaw, the district court's partial summary judgment falls short of fully adjudicating even one claim for relief requested under his counterclaim. *Sua sponte,* it is our conclusion that the judgment is therefore an interlocutory and non-appealable order. I.C. § 13–201. *Twin Falls County v. Knievel,* 98 Idaho 321, 563 P.2d 45 (1977); *Viani v. Aetna Ins. Co.,* 95 Idaho 22, 501 P.2d 706 (1972).

 The fact that the district court certified the judgment as final and appealable under I.R.C.P. 54(b) does not restrict our right to review the matter. Rule 54(b) provides:

"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment upon one or more but less than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. If any parties to an action are entitled to judgments against each other such as on a claim and counterclaim, or upon cross-claims, such judgments shall be offset against each other and a single judgment for the difference between the entitlements shall be entered in favor of the party entitled to the larger judgment."

The import of the language is unequivocal: Rule 54(b) operates only when there are in the action multiple claims of which at least *one* has been adjudicated. Only after this determination does the district court have authority to go on to determine whether it intends its ruling upon part of the claims to be final as to them or only interlocutory. In this case, Glacier General's declaratory judgment action and Hisaw's counterclaim constituted a single claim for money damages by the insured Hisaw against Glacier General. Ordinarily the case would have been filed by the insured Hisaw against the insurer Glacier General in which Glacier General would have asserted the claim it made in the declaratory judgment action as an affirmative defense. By filing its declaratory judgment action, Glacier General inverted the procedure, but did not change the reality of the fact that this case involves only a single claim by Hisaw against Glacier General for a claim under an insurance policy. The district court's partial summary judgment fixing liability but leaving for trial the issue of damages did not dispose of the one claim involved in this case. Therefore the district court erred in certifying its partial summary judgment as final and appealable pursuant to I.R.C.P. 54(b). *Pichon v. L. J. Broekemeier Inc.,* 99 Idaho 598, 586 P.2d 1042 (1978). *See also Nelson v. Whitesides,* 103 Idaho 374, 647 P.2d 1246 (1982).

Accordingly, the appeal is dismissed. No costs are allowed.

BAKES, C. J., and BISTLINE, DONALDSON and SHEPARD, JJ., concur.

Submitted by McFADDEN, J., prior to his retirement on August 31, 1982.