830 P.2d 1180

**THORN CREEK CATTLE ASSOCIA-TION, INC.,** acting by and through its last elected officers and Board of Directors as trustees for its former shareholders and creditors, Plaintiff–Respondent,

v.

Ronald T. **BONZ** and Ruth I. Bonz, husband and wife, Elbert L. Haye and Margaret T. Haye, husband and wife, Stanley V. Haye, Sr. and Joyce Ann Haye, husband and wife, Larry Hughes and Leslie L. Hughes, husband and wife, Stanley V. Haye, Jr. and Patricia E. Haye, husband and wife, and Jack A. Gibson, Defendants–Cross–Defendants–Appellants,

and

George J. Kawamoto and Florence F. Kawamoto, husband and wife, Defendants–Cross–Claimants.

No. 18456.

Supreme Court of Idaho, Boise, November 1991 Term.

March 31, 1992.

Rehearing Denied June 27, 1992.

Webb, Pedersen & Webb, Twin Falls, for defendants-cross-defendants-appellants. Lloyd J. Webb argued.

Hepworth, Nungester & Lezamiz, Twin Falls, for plaintiff-respondent. Jeffrey E. Rolig argued.

BISTLINE, Justice.

## BACKGROUND

On January 10, 1985, the Haye Group and respondents Kawamoto contracted with Thorn Creek for the acquisition of 135 acres of unimproved property located at the intersection of U.S. 93 and I-84 in South Central Idaho. The Haye Group and Kawamotos intended to market the property for development. Pursuant to the land contract with Thorn Creek, the Haye Group paid $100,000.00 down and signed a promissory note secured by a mortgage for the remaining $600,000.00. No payments were ever made on the note.

After the formation of the contract, certain Thorn Creek shareholders filed a third-party complaint in Lincoln County, Idaho against Thorn Creek, other Thorn Creek shareholders, the Haye Group, and Kawamoto. In the third-party complaint, the shareholders sought to invalidate the land sale. The shareholders also filed a lis pendens against the property.

The Haye Group filed a cross-claim against Thorn Creek and its shareholders, alleging tortious interference with a contractual relationship, by allowing the lis pendens to be filed against the property, breach of contract, by failing to provide clear title to the property, and fraud and misrepresentation, in that the individuals handling the sale had fraudulently represented that they had authority to contract for the land sale.

On March 13, 1988, a partial disposition of the Lincoln County case was accomplished by way of a stipulation and order dismissing the above claims with prejudice.

On March 28, 1988, Thorn Creek sued the Haye Group and the Kawamotos for $743,-694.74 in judgment, foreclosure of the mortgage, deficiency judgment, rescission of certain releases of property which were subject to the original contract, return of that property, and attorney fees and costs.

Kawamotos answered the complaint on May 18, 1988, denying certain allegations and asserting that Thorn Creek's recovery was limited to foreclosure of the mortgage. The Haye Group answered the complaint on May 27, 1988, generally denying the allegations and pleading nineteen affirmative defenses, including estoppel, failure to perform conditions precedent, unenforceability of the contract, failure to deliver clear title, impossibility of performance, frustration of performance by the contract seller-mortgagee, bad faith on the part of the contract seller-mortgagee, modification of the agreement, and waiver of the right to a deficiency judgment.

Also on May 27, 1988, the Haye Group filed a counterclaim against Thorn Creek and cross-claim against the shareholders who filed the Lincoln County lawsuit and other various individuals. A stipulation and order of dismissal with prejudice of the claims against Thorn Creek and the various individuals was entered on October 4, 1988. A stipulation and order of dismissal with prejudice against the shareholders and an individual shareholder was entered on February 23, 1989.

On February 9, 1989, the court issued a partial summary judgment granting a decree of foreclosure and an I.R.C.P. 54(b) certificate. The partial summary judgment in favor of Thorn Creek permitted foreclosure and precluded the Haye Group's defenses. The district court reserved for trial the issue of the property's fair market value and the appropriateness of a deficiency judgment in favor of Thorn Creek.

On February 23, 1989, Kawamoto's filed a cross-claim against the Haye Group, claiming that any deficiency awarded against them should result in a judgment in their favor against the Haye Group. The cross-claim was based on the theory that the property could have been surrendered to Thorn Creek without deficiency if the Haye Group would have been willing to do so.

Thorn Creek had a writ of execution issued, and on March 13, 1989, the Jerome County, Idaho Sheriff sold the property described in the Thorn Creek complaint to Thorn Creek for $200,000.00. The certificate of sale and writ of execution were filed the next day.

The trial upon the issues of property value and deficiency judgment was held on July 6 and 7, 1989. Near the end of the trial, it was discovered that the property's legal description as it appeared in the foreclosure complaint, the partial summary judgment, the writ of execution, and the certificate of sale did not include the entire 135 acre parcel which was the subject of the land contract and mortgage.

On July 27, 1989, Thorn Creek moved to amend the complaint and decree of foreclosure, vacate the sale, and have an order issued to the sheriff to "resell" the property. On August 9, 1989, the district court granted the requested amendments and the order, and an amended partial summary judgment granting the decree of foreclosure and an I.R.C.P. 54(b) certificate was filed. A subsequent motion to reconsider the order allowing the amendments was denied.

On September 25, 1989, a second sheriff's sale of the property was held. Thorn Creek delivered an accurate amended notice of sheriff's sale to the sheriff. The sheriff signed that notice, but prepared his own amended notice of the sheriff's sale as publication of the sale, which incorrectly described two 40 acre parcels. The incorrect amended notice of the sheriff's sale and the amended writ of execution containing the correct legal description of the property were published at the same time.

After the sale, which was attended only by representatives of Thorn Creek, the sheriff executed an amended certificate of sale which contained an accurate legal description of the property. This legal description corresponded to that in the land contract, the amended writ of execution, and the amended notice of levy and real estate under execution, which were all recorded on August 18, 1989 in Jerome County.

On October 13, 1989, the Haye Group filed a motion requesting an amendment of the erroneous amended certificate of sale which had been issued September 25, 1989 by the sheriff. The Haye Group alleged that the sale proceedings were not appropriately conducted because the notice of sale contained the original erroneous description of the property rather that the amended description.

On October 24, 1989, the district court entered its findings of fact and conclusions of law. In the findings and conclusions, the district court determined that the fair market value of the property at the time of trial was $280,000.00, that the amount of debt due Thorn Creek as of February 9, 1989 was $803,565.44, that the property had been sold at a second sheriff's sale for $450,461.30, and that Thorn Creek was entitled to a deficiency judgment against the Haye Group and Kawamotos for the difference between the amount owed Thorn Creek and the sale price obtained. The court also awarded judgment to Kawamotos against the Haye Group.

On November 30, 1989, the district court denied the Haye Group's motion of October 13, 1989, regarding the invalidity of the sale. The court determined that any problems with the sale did not effect the deficiency judgment, and that the Haye Group's exclusive remedy for any improprieties was the damage claim feature of I.C. § 11–302. The court also ruled that Kawamotos and Thorn Creek were entitled to I.R.C.P. 11(a)(1) relief against counsel for the Haye Group.

Subsequent motions for reconsideration failed, and the notice of appeal was filed December 5, 1989. Kawamotos and Thorn Creek were each awarded attorney fees against the Haye Group.

## ANALYSIS

The first issue we must address is whether this appeal was timely filed in light of the I.R.C.P. 54(b) certificate which the district court attached to the original and to the amended judgment entered in August of 1989. Since there was no appeal filed

within 42 days of either of those judgments of the district court, the appeal would be untimely unless the I.R.C.P. 54(b) certificate was improperly issued by the district court.

Appellant Haye Group argues that the district court abused its discretion in appending the I.R.C.P. 54(b) certificate to the partial summary judgment. Specifically, the Haye Group points out that there was no request for certification, no hearings held on the issue, and no hardship, injustice, or compelling reason why the partial summary judgment should be final before the entire case was adjudged. In addition, the Haye Group contends that an improperly issued I.R.C.P. 54(b) certificate does not cut off the parties' right to appeal from final judgment.

The partial summary judgment granting a decree of foreclosure and the I.R.C.P. 54(b) certificate were filed February 14, 1989. The amended certified partial summary judgment was filed on August 9, 1989. A partial summary judgment, certified as final by the district court pursuant to I.R.C.P. 54(b), is appealable and, thus, the 42 day time period set forth in I.A.R. 14 for filing appeals begins to run from the "date evidenced by the filing stamp of the clerk of the court on" the certified partial summary judgment. I.A.R. 14; *Walker v. Shoshone County*, 112 Idaho 991, 993, 739 P.2d 290, 292 (1987). The Haye Group filed its notice of appeal on December 5, 1989—127 days after the date evidenced by the filing stamp of the clerk of the district court on the amended certified partial summary judgment. The notice of appeal was, however, filed within 42 days of the November 1, 1989 deficiency judgment.

This Court has stated:

> 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which the Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in light of the public policy indicated by statute and rule.

*Pinchon v. L.J. Broekemeier, Inc.*, 99 Idaho 598, 602, 586 P.2d 1042, 1046 (1978) (quoting *Panichella v. Pennsylvania R.R. Co.*, 252 F.2d 452, 455 (3rd Cir.1958). Furthermore, "[i]n order for a partial summary judgment to be certified as final and appealable under Rule 54(b), the order granting partial judgment must finally resolve one or more of the claims between some or all of the parties. If it does not, then it is error for a trial court to certify any interlocutory order as final under I.R.C.P. 54(b)." *Toney v. Coeur d'Alene Sch. Dist. No. 271*, 117 Idaho 785, 786, 792 P.2d 350, 351 (1990). In other words, "Rule 54(b) operates only when there are in the action multiple claims of which at least *one* has been adjudicated. Only after this determination does the district court have authority to go on to determine whether it intends its ruling upon part of the claims to be final as to them or only interlocutory." *Glacier Gen. Assurance Co. v. Hisaw*, 103 Idaho 605, 608, 651 P.2d 539, 542 (1982) (emphasis in original).

In this case, the plaintiff-respondent Thorn Creek brought an action for foreclosure of a mortgage. The district court then bifurcated the liability aspect from the deficiency judgment aspect of the action. Although the liability and deficiency aspects of the action may be discreet elements of the case, there is nevertheless a single issue: foreclosure of a mortgage. Thus, the district court, in issuing the I.R.C.P. 54(b) certificate, violated the language of the rule requiring "more than one claim" as a predicate to its operation, as well as this Court's interpretation of this rule in *Glacier*, 103 Idaho 605, 651 P.2d 539.

Since the certification was erroneous, and, thus, since the 42 day time period did not begin to run on August 9, 1989, we hold that this appeal, being filed within 42 days of the November 1, 1989 deficiency judgement, was timely filed. *See Page v. Preisser*, 585 F.2d 336, 338 (8th Cir.1978), wherein the Eighth Circuit Court of Appeals held that "when a district court erroneously certifies a claim as appropriate for immediate appeal under Rule 54(b), a party

may raise that claim in a timely appeal from an adverse decision on the remaining claims in the lawsuit."

The next issue we must address is whether the partial summary judgment granting the decree of foreclosure should have been granted. In granting the partial summary judgment, the district court stated:

Third, the oral agreements that Thorn Creek allegedly made to the Haye Group are inadmissible, by application of the parole evidence rule, to vary the terms of their written contract. With respect to the alleged oral agreement that Thorn Creek would not hold the Haye Group personally liable in the event of any deficiency, the court additionally and alternatively concludes that this oral agreement is immaterial to this action. Fourth, no partnership or joint venture existed between Thorn Creek and the Haye Group.

It was on the resolution of this issue that the district court granted the partial summary judgment.

In the affidavit of Don Sandy, filed in support of plaintiff-respondent Thorn Creek's motion for summary judgment, he states:

At no time was there any discussion with Mr. Haye about the consequences of them not making their payments, except for Mr. Hobdey's comment that the release language would reduce our collateral for the note. There was absolutely no discussion at all, at that meeting or at any other time, with Mr. Haye concerning deficiency judgments. Likewise, there was not discussion with him to the effect that he and his partners would not be personally liable for any note balance. The topic of personal liability in the event of default was simply not discussed at any time with Mr. Haye.

In the affidavit of Stanley V. Haye, Jr., filed in opposition to the motion for summary judgment, he states:

19. That in those negotiations it was agreed that to protect the defendants herein in such a venture, that the defendants herein would not be personally liable for any of the payments to Thorn Creek but that Thorn Creek would look solely to the property remaining under the mortgage for recovery in case the project did not go well;

20. That prior to the signing of the written agreement, and in my presence, the then attorney for Thorn Creek, Cecil Hobdey, informed Thorn Creek's agents, that the written contract, as it stood then, would allow the defendants herein to take the best eight parcels with their down payment, abandon the rest of the property and the note, and have no liability in any manner to Thorn Creek on the remaining amount due on the note and that Thorn Creek would then have no recourse against the defendants herein other than to get back the property remaining under the mortgage;

The district court disposed of these conflicting statements of fact by holding that the parol evidence rule operated as a bar to the admissibility of the statements. In *Valley Bank v. Christensen*, 119 Idaho 496, 498, 808 P.2d 415, 417 (1991), this Court explained the parol evidence rule as follows:

If the written agreement is complete upon its face and unambiguous, no fraud or mistake being alleged, extrinsic evidence of prior or contemporaneous negotiations or conversations is not admissible to contradict, vary, alter, add to or detract from the terms of the written contract.

Citing *Green v. K.S. Webster & Sons*, 77 Idaho 281, 291 P.2d 864 (1955); *Milner v. Earl Fruit Co.*, 40 Idaho 339, 232 P. 581 (1925).

Furthermore, it is presumed that preliminary oral stipulations, agreements, and negotiations are merged into the subsequent written agreement and "will not be admitted to contradict the plain terms of the contract." *Valley Bank*, 119 Idaho at 498, 808 P.2d at 417.

The contract of sale executed between Thorn Creek and the Hay Group stated that "[c]urrently herewith Purchasers are executing a Promissory Note...." The promissory note stated that "[i]f suit

be instituted for the collection of this note or any part thereof, the undersigned agree to pay, in addition to *other sums*, such amount as the Court may adjudge reasonable as attorney fees."

We conclude that the above-quoted statements regarding prior negotiations, conflict with the plain terms of the written contract between Thorn Creek and the Haye Group. Therefore, the district court correctly excluded this evidence pursuant to the parol evidence rule.

Because of the absence of a genuine issue of material fact, the summary judgment was proper.

■ In addition, we note that the Haye Group did not plead, or otherwise raise, the issue of joint venture in the district court, and, therefore, it was not preserved for appeal. *Tiffany v. City of Payette*, 121 Idaho 396, 825 P.2d 493 (1992); *Gamble v. Dunwell*, 1 Idaho 268, 23 Pac.States Reports (1869).

■ Finally, the district court properly denied the Haye Group's October 13, 1989 motion requesting an amendment of the erroneously amended certificate which had been used September 25, 1989, by the sheriff. The sheriff had been given a correct description of the property, but he decided to prepare his own description, and, in that process, erroneously described two parcels. Idaho Rule of Civil Procedure 60(a) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court...."

In *Wilcox v. Wells*, 5 Idaho 786, 51 P. 985 (1898), the district court had corrected, pursuant to a motion, an erroneous description of land. This Court noted that there was "no question as to what land was intended to be described," and held that "[t]he mistake was purely a clerical one, of a character frequently occurring in cases of lengthy descriptions of land...." *Wilcox*, 5 Idaho at 787–88, 51 P. at 986. In the present case, we find the sheriff's erroneous description to be purely clerical, and we con-

clude that the district court properly corrected that clerical mistake.

As the prevailing party below, and pursuant to the clear language of the promissory note, the district court correctly awarded attorney fees to Thorn Creek. On appeal, and also pursuant to the above-quoted language from the promissory note, we award attorney fees to Thorn Creek.

The decision of the district court is affirmed.

Costs and attorney fees to respondent.

BAKES, C.J., and JOHNSON, BOYLE and McDEVITT, JJ., concur.