911 P.2d 140

**In the Matter of the Petition to Terminate the Parent/Child Relationship of John DOE I and Jane Doe III, and In the Matter of the Application of John Doe II and Jane Doe II, husband and wife, to Adopt Jane Doe III, and In the Matter of Jane Doe I, Deceased.**

**John DOE I, Petitioner–Appellant,**

v.

**John DOE II and Jane Doe II, Respondents.**

**No. 21833.**

Court of Appeals of Idaho.

Feb. 9, 1996.

Kenneth O. Kreis, Boise, for appellant.

M. Karl Shurtliff, Boise, for respondents.

LANSING, Judge.

■ By this appeal we are asked to determine whether an order that disposes of only one action among three related actions that have been consolidated in the trial court constitutes a final judgment in the absence of an I.R.C.P. 54(b) certification. We hold that it does not. Accordingly, we conclude that a memorandum of costs and fees filed more than fourteen days after such an order, but before entry of the judgment that fully resolved the remaining issues in the consolidated cases, was not untimely under I.R.C.P. 54(d)(5).

## BACKGROUND

Appellant John Doe I is the natural father of a minor child, Jane Doe III. John Doe I and the child's mother, Jane Doe I, were divorced in June 1982, with the mother being awarded primary physical custody of the child. Following the divorce, Jane Doe III and her mother resided for extended periods with Jane Doe I's natural mother and step-father, Jane Doe II and John Doe II. In June 1991, Jane Doe I was killed in an automobile accident. Shortly thereafter, John Doe I reopened proceedings in the divorce case to obtain an order for custody of his daughter. The maternal grandparents, Jane Doe II and John Doe II, immediately thereafter filed an action to terminate the father's parental rights and to adopt their granddaughter. In addition, the grandpar-

ents filed a separate petition for permanent guardianship of the child. Thus, three separate actions pertaining to custody and parental rights were simultaneously pending before the magistrate court.

By order of September 17, 1992, the magistrate consolidated the three cases pursuant to I.R.C.P. 42(a).[1] After having ordered consolidation, however, the magistrate conducted an initial trial on the petition for termination of John Doe I's parental rights. Following that trial, the magistrate entered a Memorandum Decision and Order dated November 6, 1992, denying that petition in its entirety. In the memorandum decision, the magistrate made findings that John Doe I had maintained contact with his daughter since the divorce and had exercised visitation periodically and that there existed a warm and mutually beneficial relationship between father and daughter. The magistrate held that the grandparents had fallen far short of proving conditions warranting termination of parental rights under I.C. § 16–2005, and expressed the view that the action to terminate John Doe I's parental rights was frivolous and may have been motivated by a desire of the grandparents, who are substantially more affluent than John Doe I, to drive John Doe I away from his daughter by making it financially impossible for him to continue the litigation. The memorandum opinion then directed counsel for John Doe I to "prepare an Order and Judgment consistent with this decision."

In response to this directive, John Doe I's attorney prepared a document entitled "Order Denying Termination of Parental Rights and Adoption Petitions Filed by Petitioners." The magistrate made certain changes and interlineations that are not relevant here, and entered this order on December 3, 1992. The order not only specified that the petition to terminate the parent-child relationship "is hereby denied in all respects," but also included an order for a status conference to "determine the procedure for the disposition

---

1. The magistrate's consolidation order is not included in the record on appeal, so the precise terms of the order are not before us. However, neither the record that is presented nor the parties' arguments on appeal suggest that the con-

solidation was for some limited and temporary purpose, such as for discovery only. Therefore, we surmise that the order contemplated consolidation of the three actions for all purposes and for the duration of the litigation.

of all remaining issues in this consolidated case, including the future custody and visitation rights of the respective parties to the minor child." Neither the magistrate's memorandum decision nor the December 3, 1992, order included an I.R.C.P. Rule 54(b) certification that the trial court had determined there was "no just reason for delay" and deemed the decision to be "a final judgment upon which ... an appeal may be taken."[2]

Following entry of the December 3, 1992 order, proceedings continued with respect to the issues of custody and guardianship raised in the other actions that had been consolidated with the action for termination of parental rights. On May 6, 1993, John Doe I filed a Memorandum of Costs, Disbursements and Attorney Fees by which he requested an award of costs and fees theretofore incurred in the litigation. This included a request, pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1), for fees associated with the defense of the grandparents' petition for termination of John Doe I's parental rights. The magistrate denied this request for costs and fees

on the ground that it was untimely. The magistrate viewed the December 3, 1992, order to be a final judgment on the petition for termination of parental rights and held that John Doe I's memorandum of costs and fees was untimely because it was not filed within fourteen days from entry of that judgment as required by I.R.C.P. 54(d)(5).[3]

A judgment resolving all remaining issues in the consolidated cases was entered on May 31, 1994. John Doe I filed a timely appeal to the district court. By the appeal he challenged only the magistrate's denial of the May 6, 1993, request for costs and attorney fees. The district court affirmed the magistrate's determination that John Doe I's memorandum of costs and fees did not comply with the time requirements of I.R.C.P. 54(d)(5). John Doe I now pursues this issue on further appeal to this Court.

## ANALYSIS

 The question thus presented is whether a decision, order, judgment or de-

2. I.R.C.P. 54(b) provides:

(1). Certificate of Final Judgment. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment upon one or more but less than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the actions as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. If any parties to an action are entitled to judgments against each other such as on a claim and counterclaim, or upon cross-claims, such judgments shall be offset against each other and a single judgment for the difference between the entitlements shall be entered in favor of the party entitled to the larger judgment. In the event the trial court determines that a judgment should be certified as final under this Rule 54(b), the court shall execute a certificate which shall immediately follow the court's signature on the judgment and be in substantially the following form:

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order it is hereby CERTIFIED, in accordance with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the above judgment or order shall be a final judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

DATED this ___ day of _____, 19__.

_____
(Signature—District Judge)

3. I.R.C.P. 54(d)(5) provides in pertinent part:

At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment.... Failure to file such memorandum of costs within the period prescribed by this rule shall be a waiver of the right of costs. A memorandum of costs prematurely filed shall be considered as timely.

By terms of I.R.C.P. 54(e)(5), when attorney fees are allowable they are deemed costs and processed in the same manner as costs. Therefore, the fourteen-day time limit of Rule 54(d)(6) applied to John Doe I's attorney fee claims as well as cost claims.

cree, however denominated, that concludes only one of two or more consolidated actions, constitutes a "judgment" to which the time limit of I.R.C.P. 54(d)(5) will attach. This is an issue of law, and we therefore exercise free review. *See Kawai Farms, Inc., v. Longstreet,* 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler,* 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct.App.1989). In so doing, we give due consideration, but do not defer, to the intermediate appellate decision of the district court. *Matter of Baby Boy Doe,* 123 Idaho 464, 468–69, 849 P.2d 925, 929–30 (1993), *cert. denied,* 510 U.S. 860, 114 S.Ct. 173, 126 L.Ed.2d 133 (1993); *Swope v. Swope,* 122 Idaho 296, 298, 834 P.2d 298, 300 (1992).

The term "judgment," as used in the Idaho Rules of Civil Procedure, is defined in Rule 54(a) to include "a decree and any order from which an appeal lies." This definition is of little aid in discerning whether an order constitutes a final judgment based upon its content. The definition does, however, establish that any decision deemed to be a final judgment for purposes of timely presentation of a cost bill under Rule 54(d)(5) will also be a judgment that is subject to immediate appeal. Hence, the question as to the timeliness of John Doe I's memorandum of costs and fees ought not be addressed without considering the ramifications that our determination of this issue will have for appellate practice in consolidated cases. We think it appropriate, therefore, to approach the issue presented in the instant case from the standpoint of whether the December 3, 1992, order should be deemed an *appealable* judgment.

In determining the appealability of an interim judgment in consolidated cases, other jurisdictions have developed three different approaches. Several jurisdictions are of the view that consolidated cases remain separate actions so that a judgment entirely resolving one action will be appealable without a Rule 54(b) certification. This view is represented by *Kraft, Inc. v. Local Union 327, Teamsters,* 683 F.2d 131, 133 (6th Cir.1982); *In re Massachusetts Helicopter Airlines, Inc.,* 469 F.2d 439, 442 (1st Cir.1972); and *Litvin v.*

*Engesether,* 67 Or.App. 240, 678 P.2d 1232 (1984). Others apply a case-by-case approach in determining whether a Rule 54(b) certification is a prerequisite to an appeal. In those courts, the decision turns upon such factors as the extent and purpose of the consolidation, the relationship of the consolidated actions, the severability of the issues appealed, whether the cases could have been filed as a single action in the first place, and the potential harm to the appellant's interests if the appeal is delayed. *See Bergman v. City of Atlantic City,* 860 F.2d 560 (3d Cir.1988); *Ivanov–McPhee v. Washington Nat'l Ins. Co.,* 719 F.2d 927, 930 (7th Cir. 1983); *Ringwald v. Harris,* 675 F.2d 768, 771 (5th Cir.1982). A third group of jurisdictions permit appeal from a judgment disposing of less than all of the consolidated claims only if a Rule 54(b) certification has been entered by the trial court. *See Trinity Broadcasting Corp. v. Eller,* 827 F.2d 673, 675 (10th Cir. 1987), *cert. denied* 487 U.S. 1223, 108 S.Ct. 2883, 101 L.Ed.2d 918 (1988); *Huene v. United States,* 743 F.2d 703 (9th Cir.1984); *Currington v. Johnson,* 685 P.2d 73, 77 (Alaska 1984); *Steck v. Aagaire,* 789 P.2d 708 (Utah 1990); *State ex rel Pacific Intermountain Express, Inc., v. District Court of Second Judicial Dist.,* 387 P.2d 550, 552 (Wyo. 1963).[4]

In addressing the effect of consolidation in a context quite different from the present case the Idaho Supreme Court has observed:

> In general, the consolidation of two cases does not have the effect of merging the two cases into a single action. Rather, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties...."

*Jones v. Jones,* 117 Idaho 621, 624, 790 P.2d 914, 917 (1990), *quoting Johnson v. Manhattan Ry.,* 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933). Literally applied, this statement would support a holding that any order that concludes one of several consolidated actions is a final, immediately appealable judgment. We conclude, howev-

---

4. For a thorough discussion of all three approaches, see Jacqueline Gerson, *The Appealability of Partial Judgments in Consolidated Cases,* 57 U.Chi.L.Rev. 169 (1990).

er, that disposition of the issue before us should turn not upon this broad language that was used to describe the general effect of consolidation in an unrelated context, but upon practical considerations of judicial economy, efficiency in the administration of justice for the parties and the need for clarity and predictability in rules governing the finality of judgments. These considerations, we are persuaded, call for a rule that a judgment disposing of less than all of two or more consolidated actions will be appealable only when the judgment is accompanied by a Rule 54(b) certification.

The alternatives to this procedure, in our view, are fraught with significant disadvantages. The first of the alternative approaches, giving finality to any judgment disposing of one case, is undesirable because it will necessarily lead to duplicative proceedings and piecemeal appeals, and will force litigants to pursue their actions simultaneously before both the appellate and trial courts. The purposes of consolidation—the avoidance of duplicative litigation, expeditious disposition of related cases, and minimization of the expense upon the public and the litigants alike, *see Harrison v. Taylor,* 115 Idaho 588, 597, 768 P.2d 1321, 1330 (1989)—would be ill-served by such a rule.

The other alternative, a case-by-case evaluation, leaves the finality of a judgment unknown until it is addressed by the appellate court. Such a rule forces the aggrieved party to appeal each interim judgment in order to avoid the risk of waiving the right of appeal through inaction,[5] and compels consumption of appellate court resources to examine the record and make a finality determination in every case, even where the appeal is ultimately disallowed. This approach also commits to the appellate court a decision that the trial court is better equipped to make. The trial judge, who ordered the consolidation in the first instance and who presumably has become intimately acquainted with the actions in the course of rendering a judgment in one of them, is better positioned to assess whether the objectives served by consolidation, including the interests of the parties and efficiency in use of public and private resources, would be best met by allowing an interim appeal.

The approach that we adopt today, requiring a Rule 54(b) certification as a prerequisite to the finality of a judgment in consolidated cases, appropriately places in the hands of the trial court the initial determination of whether an interim appeal is appropriate. Rule 54(b) authorizes the trial court to give final effect to a judgment where, in a single action, a partial judgment has disposed of less than all of the claims or parties. We see no reason why this authority should not also be committed to the trial court when multiple actions have been consolidated. This procedure also will provide clarity for the parties, for litigants can be certain that filing an interim appeal is neither permitted nor necessary to preserve the ultimate right of appeal unless a Rule 54(b) certification has been entered. Finally, this rule will prevent piecemeal appeals except in circumstances where, in the trial court's judgment, an interim appeal will expedite the litigation or serve important interests of the litigants. The appellate courts will retain final authority, however, to determine whether an interim appeal is appropriate. If the appellate court finds that a Rule 54(b) certification was granted in error, the appeal may be dismissed. *Thorn Creek Cattle Ass'n, Inc. v. Bonz,* 122 Idaho 42, 830 P.2d 1180 (1992), *cert. denied* 506 U.S. 962, 113 S.Ct. 432, 121 L.Ed.2d 352 (1992); *Milbank Mutual Ins. Co. v. Carrier Corp.,* 112 Idaho 27, 730 P.2d 947 (1986); *Glacier General Assurance Co. v. Hisaw,* 103 Idaho 605, 651 P.2d 539 (1982). In addition, where the trial court has declined to enter a Rule 54(b) certificate, an aggrieved litigant may request leave to take a permissive appeal pursuant to I.A.R. 12.

Under the approach that we have adopted, the order of December 3, 1992, denying the grandparents' petition for termination of John Doe I's parental rights, was not a final

---

**5.** Time limits for filing a notice of appeal from an appealable judgment or order are set out in I.A.R. 14. The failure to comply with these time limits will result in dismissal of the appeal.

*Equal Water Rights Ass'n v. City of Coeur d'Alene,* 110 Idaho 247, 715 P.2d 917 (1985); *Large v. Mayes,* 100 Idaho 450, 600 P.2d 126 (1979).

judgment, for no Rule 54(b) certification was entered. It follows that John Doe I's memorandum of costs and attorney fees was not time-barred under I.R.C.P. 54(d)(5), for the memorandum was filed prior to entry of the final judgment in the consolidated cases. Accordingly, we vacate the magistrate's order denying an award of fees and costs on grounds of untimeliness and remand this action to the magistrate for further consideration of John Doe I's memorandum of costs and attorney fees.

Costs to appellant John Doe I.

WALTERS, C.J., and PERRY, J., concur.