918 P.2d 287

Clyde E. DOOLEY, Plaintiff–Respondent,

v.

Debora L. DOOLEY, Defendant–Appellant.

No. 21893.

Court of Appeals of Idaho.

June 14, 1996.

Bauer & French, Boise, for appellant. Charles B. Bauer argued.

Eberle, Berlin, Kading, Turnbow & McKlveen, Chtd., Boise, for respondent. Stanley J. Tharp argued.

LANSING, Judge.

This action was commenced by the filing of a motion to modify the terms of the parties' divorce decree regarding child support and visitation. The appellant, Debora L. Dooley, filed a motion to dismiss or to transfer venue with respect to the visitation issue. The magistrate denied her motion and issued a certificate under I.R.C.P. 54(b) deeming the order to be a final judgment. From that order, Mrs. Dooley appealed to the district court, which affirmed. On her further appeal to this Court, we conclude that the Rule 54(b) certification was improperly granted. Therefore, we dismiss the appeal.

Debora and Clyde Dooley were divorced by a judgment entered in July 1988 in Ada County, Idaho. Before the divorce action was filed, Mrs. Dooley and the children moved from Idaho to New Hampshire, where they continue to reside. Mr. Dooley still lives in Idaho. The divorce decree provided that Mrs. Dooley was to have physical custody of the children and Mr. Dooley was entitled to visitation. Since leaving for New Hampshire, the children have been back to Idaho only once for a visit in the summer of 1991.

In February 1994, Mr. Dooley filed in the magistrate division of the district court in Ada County a motion for modification of the divorce decree. His motion sought to quash a wage withholding order issued by the Idaho Department of Health and Welfare and requested that the court modify the divorce decree with respect to child support and visitation. In response, Mrs. Dooley filed a motion to dismiss the proceeding with respect to visitation or to transfer venue to New Hampshire under I.C. § 32–1107 on the ground that Idaho is an inconvenient forum to address the visitation issue. She argued that under Section 32–1107, New Hampshire, where the children have resided since before the divorce, is the proper forum to address modification of visitation.

The magistrate entered an order modifying the divorce decree with respect to child support and insurance coverage for the Dooley children. The magistrate also denied Mrs. Dooley's motion to dismiss or transfer venue, concluding that Idaho is the correct jurisdiction to entertain the motion for modification of visitation. The magistrate did not, however, rule on the merits of Mr. Dooley's motion to change the visitation terms. Instead, the magistrate directed the entry of final judgment under I.R.C.P. 54(b)[1] on the venue order.

■ Based upon the Rule 54(b) certification, Mrs. Dooley appealed the magistrate's order denying the motion to dismiss or transfer venue. The district court affirmed the magistrate's order, and Mrs. Dooley has further appealed to this Court. She argues that the magistrate misinterpreted and misapplied the requirements of the Uniform Child Custody Jurisdiction Act, I.C. §§ 32–1101 to 32–1126, in continuing to exercise jurisdiction with respect to visitation. Neither party has questioned the propriety of the magistrate's Rule 54(b) certification. However, when we have doubt that such a certificate was appropriately issued, we may address the matter *sua sponte. Rife v. Long,* 127 Idaho 841, 844, 908 P.2d 143, 146 (1995); *Hecla Mining Co. v. Star–Morning Mining Co.,* 122 Idaho 778, 781, 839 P.2d 1192, 1195 (1992); *Glacier Gen. Assur. Co. v. Hisaw,* 103 Idaho 605, 608, 651 P.2d 539, 542 (1982). A trial court's certification of a judgment as final and appealable under I.R.C.P. 54(b) does not bind this Court. *Rife,* 127 Idaho at 844, 908 P.2d at 146.

■ Rule 54(b) authorizes certification of an interlocutory order as a final judgment only when there is a decision disposing of "one or more but less than all of the claims or parties." Thus, to be certifiable under Rule 54(b), an order must finally resolve one or more of the claims between the parties. *Rife,* 127 Idaho at 845, 908 P.2d at 147.[2]

■ We are of the opinion that the Rule 54(b) certification was erroneously issued in this case because the venue decision involved here disposed of no claim or party. The magistrate court merely concluded that, pursuant to I.C. § 32–1107, the court should continue to exercise jurisdiction with regard to issues of visitation. No hearing was held on the merits of Mr. Dooley's motion for modification of visitation terms and no disposition of that request for relief was made. Because we conclude that the certification of the magistrate's interlocutory order on a venue issue was improperly granted, we dismiss this appeal and remand the case for disposition of the visitation issue.

■ We note in closing that a considerable period has passed since the inception of this litigation, and in the interim no action has been taken to determine whether it is in the best interests of the Dooley children to modify the visitation terms of the divorce decree. We therefore direct the parties, and others who may be similarly situated, to Idaho Appellate Rule 13(b)(11) and I.R.C.P. 83(i)(2), which authorize the trial court to act on child custody and support matters during the pendency of an appeal. Appellate Rule 13(b) provides in part:

> In civil actions ... the district court shall have the power and authority to rule upon the following motions and to take the following actions during the pendency on an appeal;

1. I.R.C.P. 54(b) provides in relevant part:
   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgement upon one or more but less than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the actions as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

2. Idaho Appellate Rule 12 and I.R.C.P. 83(a)(3) provide a procedure whereby a party may seek permission to appeal from an interlocutory order which is not otherwise appealable as a matter of right under I.A.R. 11. However, a permissive appeal was not requested in this case.

. . . .

(11) Take any action or enter any order deemed advisable in the discretion of the court with regard to the custody or support of children pending any appeal involving the custody or support of such children, and to amend or modify such order from time to time, during the pendency of the appeal, by reason of changes of circumstances of the parties.

This same authority is extended to magistrates by I.R.C.P. 83(i)(2). Therefore, the pursuit of an appeal need not delay action by a magistrate to resolve issues of child custody, visitation or support. *See Rohr v. Rohr,* 128 Idaho 137, 140, 911 P.2d 133, 136 (1996).

This appeal is dismissed, and the case is remanded for further proceedings.

WALTERS, C.J., and PERRY, J., concur.