647 P.2d 1246

**Victor B. NELSON, Plaintiff-Respondent,**

v.

**Mark WHITESIDES,
Defendant-Appellant,**

and

**Brett A. Whitesides, Defendant.**

No. 14216.

Supreme Court of Idaho.

July 2, 1982.

Russell Kvanvig, Twin Falls, for defendant-appellant.

Robert E. Rayborn, Twin Falls, for plaintiff-respondent.

BISTLINE, Justice.

The instant civil action, numbered 32420 in District Court, Twin Falls County, Fifth Judicial District, was commenced as a personal injury action arising out of a one-car accident in which Nelson, the sole passenger, was injured allegedly by the causal negligence of Brett Whitesides, the driver. Brett's father, Mark Whitesides, was named as a co-defendant on the basis of I.C. § 49–313.[1] This action has not been tried or otherwise disposed of.

During the course of the proceedings below, Nelson moved for partial summary judgment against Mark and obtained a ruling that Mark was liable as a signator under I.C. § 49–313(b), because proof of financial responsibility had not been deposited as required by I.C. § 49–313(c). Thereafter, within the confines of the original action, Mark countered with a pleading denominated a "Petition for Declaratory Judgment," by which he sought a determination of the extent of his liability under I.C. § 49–313. The district court ruled that

---

1. I.C. § 49–313 provides:

"Applications of minors.—(a) The application of any person under the age of eighteen (18) years for an instruction permit, restricted license or operator's license shall be signed and verified before a person authorized to administer oaths by either the father or mother of the applicant, if both are living and have custody of him; or if either be dead, then by the surviving parent who has custody of him; or in the event neither parent is living, or if living and does not have the custody of said minor, then by the person or guardian having such custody or by an employer of such minor; or in the event there is no guardian or employer then by some other responsible person who is willing to assume the obligation imposed under this act upon a person signing the application of a minor.

"(b) Any negligence or wilful misconduct of a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway shall be imputed to the person who

has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or wilful misconduct (except as otherwise provided in the next succeeding paragraph).

"(c) In the event a minor deposits or there is deposited upon his behalf proof of financial responsibility in respect to the operation of a motor vehicle owned by him, or if not the owner of a motor vehicle, then with respect to the operation of any motor vehicle, in form and in amounts as required under the motor vehicle financial responsibility laws of this state, or by the director if the form and amount be not fixed by law, then the department may accept the application of such minor when signed by one (1) parent or guardian of such minor, and while such proof is maintained such parent or guardian shall not be subject to the liability imposed under the preceding paragraph of this section."

Mark, as signator, would be jointly and severally liable for the total judgment, including any punitive damages, awarded to the plaintiff at the trial of this action. As noted, Brett's liability at the time of the trial court's order remained unadjudicated, and no damages of any kind or amount had been awarded to Nelson. Nonetheless, Mark appeals to this Court, requesting that we hold the trial court to be in error.

A threshold issue in this case is the appealability of this interlocutory order entered midstream in this tort action. Although this issue was not raised by Nelson, "this Court may, on its own motion, dismiss an appeal from an unappealable intermediate order or decision." *Oneida v. Oneida*, 95 Idaho 105, 107, 503 P.2d 305, 307 (1972).[2]

As noted by the appellant in his Notice of Appeal, the applicable rule is I.A.R. 11(a)(1):

"Appealable judgments and orders.— An appeal as a matter of right may be taken to the Supreme Court from the following judgments and orders:

"(a) Civil Actions. From the following judgments and orders of a district court in a civil action:

"(1) Final judgments and decrees including decisions by the district court dismissing, affirming, or reversing or remanding an appeal."

At oral argument we questioned the appealability of the trial court's order under I.A.R. 11(a)(1).

The final judgment or decree to which I.A.R. 11(a)(1) refers "means a 'final determination of the rights of the parties.'" *Viani v. Aetna Insurance Co.*, 95 Idaho 22, 25, 501 P.2d 706, 709 (1972). Appellants argue that the trial court order is appealable as a final judgment by virtue of the I.C. §§ 10–1201 and 10–1207, which provide:

"10–1201. Declaratory judgments authorized—Form and effect.—Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree."

"10–1207. Review of orders, judgments and decrees.—All orders, judgments and decrees under this Act may be appealed from or reviewed as other orders, judgments and decrees."

The appellants' argument presupposes that the order of the district court was a declaratory order or judgment despite the fact that it was not so entitled. That presumption, however, is erroneous.

The circumstances under which a declaratory judgment can be properly granted are limited by I.C. § 10–1202. It provides in part that "[a]ny person ... whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder." In *Ennis v. Casey*, 72 Idaho 181, 238 P.2d 435 (1951), this Court interpreted the declaratory judgment statute and stated:

"[A] declaratory judgment should be refused where the questions presented should be the subject of judicial investigation in a regular action. *Heller v. Shapiro*, 208 Wis. 310, 242 N.W. 174, 87 A.L.R. 1201; *Oldham County ex rel. Wooldridge v. Arvin*, 244 Ky. 551, 51 S.W.2d 657.

"In the case before us, plaintiff could have had determined in a regular suit the questions sought to be decided under the declaratory judgment statute. An action for a declaratory judgment may be maintained only for the purpose of determin-

---

2.  At oral argument the parties were allowed time to submit briefs on the issue of appealability. A brief was filed by the appellant and a letter in lieu of a brief was filed by the respondent.

ing and declaring fixed legal rights where it will accomplish some useful purpose. It cannot be invoked merely to try issues and determine questions which are uncertain and hypothetical. 1 C.J.S., Actions, § 18, p. 1023; *Ladner v. Siegel*, 294 Pa. 368, 144 A. 274." *Id.* at 185–86, 238 P.2d at 438.

We immediately gather from the passage in *Ennis* that had Mark Whitesides attempted an independent action against Nelson seeking to establish the limits of his statutory liability, the trial court would have properly dismissed and relegated his inquiry to the regular suit already pending in which the very same questions might come up assuming, the underlying liability of Brett Whitesides, and assuming also a damage award over and above Brett's coverage. Here, however, there is the existing suit which does, and did, present the opportunity to determine the legal questions attendant to Mark's statutory potential liability. At this point in the proceedings the order determining the extent of Mark's potential obligations under I.C. § 49–313 is merely hypothetical, and probably premature. The trial court's order therefore cannot be considered a declaratory order or judgment within the purview of I.C. § 10–1207. Rather, "[i]t is merely an *in limine* determination of those points or propositions [which are contained in the district court's order], being something in the nature of a pretrial order." *Twin Falls County v. Knievel*, 98 Idaho 321, 323, 563 P.2d 45, 47 (1977).[3] Therefore, the court's order is not in the nature of a final judgment or decree which is subject to review under I.A.R. 11(a)(1). Moreover, it remains subject to review and revision in the trial court so long as the jurisdiction of that court continues. *Dawson v. Mead*, 98 Idaho 1, 3, 557 P.2d 595, 597 (1976). Accordingly, the appeal in this case must be dismissed.

*Appeal dismissed.* No costs.

**3.** If we were to grant an automatic right of review of an order issued upon a "petition for declaratory judgment" in an action such as this, it would open the door to this practice and encourage the circumvention of I.R.C.P. 54(b). Without hesitation, we decline to encourage such practice.

BAKES, C. J., and McFADDEN and DONALDSON, JJ., concur.

SHEPARD, J., concurs only in the result.