848 P.2d 429

**Dean R. HILL, Claimant,**

v.

**E&L FARMS, Employer and State Insurance Fund, Surety, Defendants–Respondents.**

**E&L FARMS, Employer and State Insurance Fund, Surety, Plaintiffs–Respondents,**

v.

**RUSSET POTATO COMPANY, Employer, and United States Fidelity & Guarantee Company, Surety, Defendants–Appellants.**

No. 18537.

Supreme Court of Idaho,
Boise, September 1992 Term.

March 9, 1993.

Moffatt, Thomas, Barrett, Rock & Fields, Chartered, Boise, for appellants. John W. Barrett, argued.

Ellis, Brown and Sheils, Chtd., Boise, for respondents. Max M. Sheils, Jr., argued.

## ON REHEARING

BISTLINE, Justice.

Russet Potato Company (Russet), the employer, and United States Fidelity Guarantee Company (USF & G), Russet's worker's compensation surety, appeal from the Industrial Commission's decision finding Russet to be the employer of the claimant Dean Hill (Hill). The claimant was injured while working on a potato seed duster conveyor belt at E & L Farms. Russet contends that under the "borrowed servant" doctrine the Industrial Commission should have found E & L to be Hill's employer at the time of the accident.

The Industrial Commission (the Commission) made the following findings of fact. In early 1988, Hill was employed by Russet as a maintenance worker. On or about February 23, 1988, the work Hill was performing at Russet temporarily ended. Hill asked the manager of Russet, Val Whitehead, for additional work. Whitehead consulted with his brother, Scott Whitehead, who is the manager of E & L Farms.[1] Hill

was directed to report to E & L for temporary work, and while at E & L, Scott Whitehead directed Hill's activities. While so engaged in performing services for E & L, specifically, repairing a seed dusting machine owned by E & L, Hill was injured.

Hill filed a Notice of Injury and Claim for Benefits with the Industrial Commission asserting as defendants E & L Farms and its surety, the State Insurance Fund (SIF). SIF denied coverage of the claim on the basis that at the time of the industrial accident Hill was an employee of Russet, not E & L. Russet in turn denied that assertion. After conducting a hearing where both E & L and Russet introduced evidence, the Commission ruled that Russet was Hill's employer at the time of the accident and hence liable for all worker's compensation benefits due Hill as a result of the accident. Russet and USF & G have appealed the Commission's decision on both factual and legal grounds. In particular, they contend that the Commission incorrectly applied the law to the facts of the case.

In reaching its decision, the Commission relied solely on a worker's compensation treatise, Larson's *Workmen's Compensation Law* (1986). In doing so, the Commission used a three-pronged test to determine whether a special employer is an employer for the purpose of worker's compensation:

When a general employer lends an employee to a special employer, the special employer becomes liable for [worker's] [c]ompensation only if

(a) the employee has made a contract of hire, express or implied, with the special employer;

(b) the work being done is essentially that of the special employer; and

(c) the special employer has the right to control the details of the work.

Commission's Findings at 6 (quoting from Larson, *supra*, at § 48.00). The Commission also quoted Larson for the principle that "the pivotal issue is whether or not there was a contract of hire expressed or implied between the employee and the em-

---

1. Both Russet and E & L are owned by Val and Scott Whitehead's parents.

ployer. If the issue cannot be answered yes, the investigation is closed...." Commission's Findings at 6. Additionally, the Commission assigned the burden of proof to Russet, citing Larson, *supra*, at § 48.14 (1986), for the proposition that a presumption exists of continued employment with the general or original employer unless that employer shows that the special employer has been substituted for the old general employer.

■ Since this Court is not bound by the Commission's conclusions of law, we will exercise free review with respect to appellants' contention. *Combs v. Kelly Logging*, 115 Idaho 695, 769 P.2d 572 (1989). We find that *Pinson v. Minidoka Highway District*, 61 Idaho 731, 106 P.2d 1020 (1940), and *Paullas v. Andersen Excavating*, 113 Idaho 156, 742 P.2d 411 (1987), as appellants urge, are the material Idaho cases as to when an employer is liable for workers' compensation benefits under the borrowed servant doctrine. An examination of *Sines v. Sines*, 110 Idaho 776, 718 P.2d 1214 (1986) is also necessary to a clear resolution of this issue in Idaho.

Our *Pinson* case establishes that

[t]he general test is the *right* to control and direct the activities of the employee, or the power to control the details of the work to be performed and to determine how it shall be done, and whether it shall stop or continue, that gives rise to the relationship of employer and employee, and where the employee comes under the direction and control of the person to whom his services have been furnished, the latter becomes his temporary employer, and liable for compensation.

*Pinson*, 61 Idaho at 737, 106 P.2d at 1022 (citations omitted, emphasis in original). Moreover, the *Paullas* Court specifically stated that the "right to control" test is the primary test:

The State Insurance Fund urges us to abandon the "right-to-control" test and, instead, adopt what is called a "relative nature-of-the-work" test advanced by Professor Larson. This alternative test has been discussed in *Sines v. Sines*, 110 Idaho 776, 777 n. 1, 718 P.2d 1214, 1215 n. 1 (1986). *See also Burns v. Nyberg*,

108 Idaho 151, 156, 697 P.2d 1165, 1170 (1985) (Bistline, J., dissenting). To date, however, a majority of this Court has been disinclined to adopt the new test and, thus, overturn literally dozens of prior Idaho cases. We are similarly reluctant today.

113 Idaho at 160, 742 P.2d at 415. It is of interest that *Sines v. Sines*, 110 Idaho 776, 718 P.2d 1214 (1986), to which the *Paullas* Court cites, found that the worker in that case was not an employee due to the fact that the "right-to-control" test was not satisfied, even though a contract existed between the two parties. While the *Sines* case did not involve the borrowed servant doctrine, it is an example of this Court's interpretation of the "right to control" test which the *Paullas* Court said was the same for both the determination of employee status and borrowed servant status.

■ Thus, in a two-employer situation, the "right to control" test is the primary determinative test, with the existence of a contract for hire, express or implied, and whether the work being done is essentially that of the special employer as secondary, "[a]dditional factors germane to loaned employee status." *Paullas*, 113 Idaho at 158, 742 P.2d at 413.

■ Because Idaho case law establishes that the primary test for the borrowed servant doctrine is the "right to control" test, and not merely the existence of a contract for hire, the Commission's conclusion that the inquiry ends upon finding no contract for hire is erroneous. We reverse the Commission's decision and remand the cause to the Commission to determine the extent of E & L's control over Hill and whether such control was significant enough to create an employer/employee relationship and liability under the worker's compensation laws.

McDEVITT, C.J., and JOHNSON and TROUT, JJ., concur.

BAKES, J., pro tem., concurs (following retirement on February 1, 1993).