872 P.2d 725

**Robert W. LINES, Plaintiff–Appellant,**

**v.**

**IDAHO FOREST INDUSTRIES, a corporation, and/or Industrial Personnel, Inc., Defendant–Respondent,**

**and**

**State Insurance Fund, Intervenor.**

**No. 19806.**

Supreme Court of Idaho,
Boise, January 1994 Term.

April 20, 1994.

Vrable & Jackson, Hayden, for appellant. Michael J. Vrable argued.

Lukins & Annis, P.S., of Coeur d' Alene, for respondents. Charles W. Hosack argued.

JOHNSON, Justice.

This is a tort case. An injured worker sued a company the worker alleges is liable pursuant to I.C. § 72–223, a portion of the workers' compensation law, for the injury as a third party who is not the worker's direct or statutory employer. We conclude that the company was not a third party as contemplated by the statute, but instead was a special employer of the worker, who was a loaned employee of the company.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

Industrial Personnel, Inc. (IP) is a temporary employment agency which supplies workers for most of the major lumber manufacturers in north Idaho. IP contracted with Idaho Forest Industries (IFI) to provide workers for IFI. The agreement between IP and IFI refers to a worker provided pursuant to this agreement as the "general employee" of IP and as the "special employee" of IFI. The agreement specifies that the worker is under the exclusive supervision and control of IFI while on the job site. The agreement states that IFI has the right to terminate the worker. IFI pays IP a fee for the worker, from which IP pays the worker's wages and acquires workers' compensation insurance for the worker covering the work for IFI.

Robert W. Lines went to IP seeking employment. IP assigned Lines to work at one of IFI's lumber mills. Before Lines went to work at the IFI mill, he read and signed the IP employee handbook, agreeing that IP was his "general employer," that IFI was his "special employer," and that if he were injured while working for IFI, he would be entitled to workers' compensation benefits provided under the insurance provided by IP.

Lines was injured while working at the IFI mill. State Insurance Fund (SIF), the workers' compensation insurer which IP paid to cover Lines while he was working at the IFI mill, paid medical and disability benefits to Lines.

Lines sued IFI, alleging that IFI's negligence caused his injury and that IFI is liable pursuant to I.C. § 72–223, which provides, in part:

> **Third party liability.**—(1) The right to compensation under [the workers' compensation law] shall not be affected by the fact that the injury ... is caused under circumstances creating in some person other than the employer a legal liability to pay damages therefor, such person so liable being referred to as the third party. Such third party shall include those employers described in section 72–216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72–301, Idaho Code [requiring every employer to secure the payment of workers' compensation benefits in one of the authorized ways].

The pertinent portions of I.C. § 72–216 provide:

> **Contractors.**—(1) Liability of employer to employees of contractors and subcontractors. An employer subject to the provisions of [the workers' compensation law] shall be liable for compensation to an employee of a contractor or subcontractor under [the employer] who has not complied with the provisions of section 72–301 [requiring every employer to secure the payment of workers' compensation benefits in one of the authorized ways] in any case where such employer would have been liable for compensation if such employee had been working directly for such employer.

The trial court granted summary judgment denying Lines's claim on the ground that IFI

was not a third party referred to in I.C. § 72–223. After Lines moved for reconsideration, SIF was granted leave to intervene. At IFI's request, the trial court amended the summary judgment and included a provision holding SIF liable for payment to Lines of the workers' compensation benefits awardable with regard to the injury Lines received at the IFI mill.

Lines appealed.

## II.

### IFI IS NOT LIABLE AS A THIRD PARTY PURSUANT TO I.C. § 72–223.

■ Lines asserts that IFI is a third party who is liable for Lines's injury pursuant to I.C. § 72–223. We disagree.

Lines argues that IP is a contractor or subcontractor under IFI, within the contemplation of I.C. §§ 72–216 and 72–223, citing *Runcorn v. Shearer Lumber Prod., Inc.,* 107 Idaho 389, 690 P.2d 324 (1984). This is not a case like *Runcorn,* however.

In *Runcorn,* the company (Shearer) that the worker (Runcorn) sought to hold liable as a third party pursuant to I.C. § 72–223, had contracted with Runcorn's employer (Atlas) for Atlas to repair a boiler on Shearer's premises. Runcorn was injured during the repair. The Court concluded: "Shearer was an employer, described in I.C. § 72–216, since it had under it a contractor, Atlas, and Shearer was liable for workmen's compensation benefits to Runcorn if Atlas had not provided the coverage." *Id.* at 393, 690 P.2d at 328.

The primary distinction between Shearer in *Runcorn* and IFI in this case is that IP is not a contractor "under" IFI. IFI did not contract with IP for IP to do any work for IFI. Instead, IP merely loaned an employee to IFI according to the terms of the agreement between IP and IFI. This characterization of the relationship among Lines, IP, and IFI is confirmed by the recent decision in *Hill v. E & L Farms,* 123 Idaho 371, 848 P.2d 429 (1993). In *Hill,* the Court said: "[I]n a two-employer situation, the 'right to control' test is the primary determinative

test, with the existence of a contract for hire, express or implied, and whether the work being done is essentially that of the special employer as secondary, '[a]dditional factors germane to loaned employee status.' " *Id.* at 373, 848 P.2d at 431. The undisputed facts in this case indicated that both the right of control and the secondary, additional factors noted in *Hill* are present in the relationship between Lines and IFI.

We conclude that Lines was the loaned employee of IFI. As a loaned employee, Lines was working for IFI at the time of the injury, not for IP as a contractor or subcontractor under IFI. Therefore, IFI is not a third party who is liable for Lines's injury pursuant to I.C. § 72–223.

## III.

### LINES DOES NOT HAVE THE RIGHT TO APPEAL WHETHER THE TRIAL COURT HAD JURISDICTION TO DETERMINE THAT SIF IS LIABLE FOR PAYMENT OF LINES'S WORKERS' COMPENSATION BENEFITS.

■ Lines asserts that the trial court did not have jurisdiction to determine that SIF is liable for payment of workers' compensation benefits to Lines. We do not address this question, because it is not a final judgment determining Lines's rights.

I.A.R. 11(a)(1) provides that an appeal may be taken as a matter of right from a final judgment, order, or decree in a civil action. In *Nelson v. Whitesides,* 103 Idaho 374, 647 P.2d 1246 (1982), the Court pointed out: "The final judgment or decree to which I.A.R. 11(a)(1) refers 'means a "final determination of the rights of the parties." ' " *Id.* at 376, 647 P.2d at 1248.

The trial court's determination that SIF is liable for payment of workers' compensation benefits to Lines is not a final determination of Lines's rights. Yet to be determined is the amount of compensation to which Lines is entitled. If there is a dispute about the amount of compensation, the Industrial Commission will resolve the dispute. *Cf. Law v. Omark Indus.,* 121 Idaho 128, 823 P.2d 162 (1992) (decision of the Industrial Commission

awarding medical benefits, but not determining impairment or disability, not a final order subject to appeal under I.A.R. 11(d)).

## IV.

### CONCLUSION.

We affirm the trial court's summary judgment denying Lines's claim against IFI pursuant to I.C. § 72–223.

We dismiss the appeal as it relates to the trial court's jurisdiction to determine SIF's liability for workers' compensation payments awardable to Lines.

We award IFI costs on appeal. IFI did not request attorney fees on appeal.

McDEVITT, C.J., and BISTLINE, TROUT and SILAK, JJ., concur.