# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 31188

| | |
|---|---|
| VANESSA LYNN CORDOVA, ) | |
| ) | |
|     Plaintiff-Appellant, ) | |
| ) | |
| v. ) | |
| ) | Idaho Falls, October 2006 |
| BONNEVILLE COUNTY JOINT SCHOOL ) | |
| DISTRICT NO. 93, ) | 2007 Opinion No. 100 |
| ) | |
|     Defendant-Respondent, ) | Filed:  July 31, 2007 |
| ) | |
| and ) | Stephen W. Kenyon, Clerk |
| ) | |
| R. SAM HOPKINS, in his capacity as a U.S. ) | |
| Bankruptcy Trustee, ) | |
| ) | |
|     Intervener-Appellant. ) | |
| ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Honorable Richard T. St. Clair, District Judge.

District court order on summary judgment, reversed.

Thomsen Stephens Law Offices, PLLC., Idaho Falls, for appellant.  J. Michael Wheiler argued.

Anderson, Julian & Hull, Boise, for respondent.  Brian K. Julian argued.

Service, Spinner & Gray, Pocatello, for respondent.

---

BURDICK, Justice

This case asks the Court to determine whether a school qualifies as a category two statutory employer.  This case also asks the Court to determine whether the summary judgment order based on statutory employer immunity can be affirmed on the alternate ground that the injured party was a borrowed employee.  We reverse.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant, Vanessa Lynn Cordova, began working for Idaho Falls School District No. 91 (District 91) in 1996 as a behavioral counselor. In 2002 Cordova joined a team called the Behavioral Support Division and began traveling to various schools. Cordova spent Mondays and Tuesdays at Telford Academy, an alternative junior high school in Bonneville County Joint School District No. 93 (District 93). Students at Telford Academy include students from District 93 and from District 91.

Cordova agreed to accompany a group of students from Telford Academy and District 93 employees on a field trip to Pine Basin Lodge, a former ski lodge that is subject to a 99 year lease agreement between District 93 and the U.S. Forest Service. It is used during the school year for various activities and for a summer youth program. On the day of the field trip, October 24, 2002, District 93 used Pine Basin Lodge to conduct a "ropes/confidence" course designed to build cohesiveness and trust among the students. An employee of District 93 directed the activities for the ropes/confidence course. Cordova was injured while helping to catch a student during a "trust fall" exercise.

Cordova received worker's compensation benefits from District 91 and filed a personal injury lawsuit against District 93 alleging that District 93 was negligent and liable for her injuries. The district court held that District 93 was not entitled to summary judgment on the ground that Cordova was a borrowed employee but granted District 93's Motion for Summary Judgment on the ground that it was Cordova's statutory employer and thus immune from tort suit under I.C. § 72-223. The district court denied Cordova's Motion for Reconsideration. Cordova then timely appealed to this Court.

## II. ANALYSIS

"This Court's review of a trial court's ruling on a motion for summary judgment is the same standard used by the trial court in originally ruling on the motion." *Robison v. Bateman-Hall, Inc.*, 139 Idaho 207, 209, 76 P.3d 951, 953 (2003) (citations omitted). Summary judgment shall be rendered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "If the evidence reveals no disputed issues of material fact, what remains is a question of law, over which this Court exercises free review." *Robison*, 139 Idaho at 209, 76 P.3d at 953 (citation omitted).

2

The two main issues in this case are whether District 93 is the statutory employer of Cordova and whether the summary judgment order can be affirmed on the alternate ground that Cordova was District 93's borrowed employee. We turn first to the statutory employer analysis.

**A. Statutory employer**

Cordova is suing District 93 in tort. If District 93 is Cordova's statutory employer, the case must be dismissed since under Idaho's Worker's Compensation Law Cordova's exclusive remedy is recovery through worker's compensation. I.C. §§ 72-209(1), 72-211.

Idaho Code § 72-223 provides a limited exception to the worker's compensation exclusive remedy rule. This statute states that even if an injured employee is entitled to compensation under the Worker's Compensation Law, a third party may still have a legal liability to pay damages. I.C. § 72-223(1). The statute specifically excludes two categories of employers from third party liability. Category one is not at issue. Category two consists of "the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed." *Id.*

Cordova argues that a statutory employer determination is a question of fact and so was improperly decided by the trial court, that she was a volunteer and not an employee, and that District 93 does not qualify as a virtual proprietor because the type of work done did not pertain to the business of District 93 and because District 93 did not carry on a business for pecuniary gain.[1] Each issue will be discussed in turn.

<u>1. District 93's status as a statutory employer is a question of law in this instance.</u>

First, Cordova argues that it was improper to grant summary judgment because whether someone is a statutory employer is a question of fact. However, "[i]f the evidence reveals no disputed issues of material fact, what remains is a question of law, over which this Court exercises free review." *Robison*, 139 Idaho at 209, 76 P.3d at 953 (citations omitted).

---

[1] Cordova also argues that District 93 is not a statutory employer because it made a binding judicial admission that Cordova was not an employee of District 93. However statements in interrogatories and depositions are not "formal act[s] or statement[s] made by a party or attorney, in the course of judicial proceedings, for the purpose, or with the effect, of dispensing with the need for proof by the opposing party of some fact." *See Strouse v. K-Tek, Inc.,* 129 Idaho 616, 618, 930 P.2d 1361, 1363 (Ct. App. 1997). The purpose of depositions, like that of interrogatories is the discovery of facts. An admission goes to the question of proof of those facts. *See Straley v. Idaho Nuclear Corp.,* 94 Idaho 917, 923, 500 P.2d 218, 224 (1972) (stating the purpose of interrogatories and their distinct nature from admissions).

3

In this case, there are no disputed material facts preventing summary judgment. Both parties agree that Cordova was an employee of District 91, who spent part of her time at a District 93 school. Furthermore, the parties agree that on the day of the accident, she was on premises leased by District 93 as a field trip supervisor, supervising both District 91 and District 93 students. Therefore, whether District 93 was Cordova's statutory employer is an issue of law. *See Rhodes v. Sunshine Mining Co.*, 113 Idaho 162, 164, 742 P.2d 417, 419 (1987) (the record failed to disclose any issue of material fact leaving only questions of law including whether defendants were statutory employers shielded from tort liability). If these undisputed facts are sufficient to conclude that as a matter of law District 93 is Cordova's statutory employer, summary judgment was proper. Therefore, we must first determine whether Cordova is an employee, and second, whether District 93 is a statutory employer under the Worker's Compensation Law.

2. Cordova was an employee, not a volunteer.

Cordova argues that because she received no extra compensation and because her attendance at the field trip was optional she was a volunteer and so was not an employee under I.C. § 72-223. That statute governs potential remedies of "workmen." I.C. § 72-223(1). A workman, which is synonymous with employee, "means any person who has entered into the employment of, or who works under contract of service . . . with, an employer." I.C. § 72-102(12). For purposes of section 72-223 it is well settled that an employee can have more than one employer. *Venters v. Sorrento Delaware, Inc.*, 141 Idaho 245, 251, 108 P.3d 392, 398 (2005).

There is no dispute that at the time of the accident, Cordova was an employee of District 91; in fact she collected worker's compensation from District 91.[2] While at Pine Basin Lodge, she "work[ed] under contract of service" with "an employer," District 91.[3] This makes her a

_____

[2] There is an issue of fact as to District 93's claim that Cordova, after receiving worker's compensation benefits from District 91, would be judicially estopped from now claiming she was not an employee. Judicial estoppel applies when "a litigant, by means of such sworn statements, obtains a judgment, advantage or consideration from one party. . . ." *Smith v. U.S.R.V. Properties, LC,* 141 Idaho 795, 800, 118 P.3d 127, 132 (2005) (internal quotations and citation omitted). District 93 fails to point to anything in the record showing that Cordova, by means of making a sworn statement, obtained a judgment, advantage, or consideration from one party. However, proving judicial estoppel is unnecessary, since in this case it is clear that Cordova was an employee at the time of the accident for purposes of I.C. § 72-223.

[3] Cordova's argument that District 93 judicially admitted she was a volunteer lacks sufficient support. Lloyd Becker, the principal of Telford Academy, never said she was a volunteer. Becker merely said all adults on the field trip went on the field trip "voluntarily (without additional compensation)." That implies she was receiving some

4

workman, and since Cordova is a workman under the code, her tort suit against District 93 depends upon whether District 93 is her statutory employer. *See* I.C. § 72-223.

> 3. District 93 is not Cordova's statutory employer.

Under category two, a statutory employer must be both the owner or lessee of the premises and the virtual proprietor or operator of the business there carried on. *Harpole v. State*, 131 Idaho 437, 440, 958 P.2d 594, 597 (1998). "To determine who is a virtual proprietor or operator, the Court must consider whether the work being done pertains to the business, trade, or occupation of the owner or proprietor and whether such business, trade, or occupation is being carried on by it for pecuniary gain." *Robison*, 139 Idaho at 212, 76 P.3d at 956.

District 93 is the lessee of the premises but is not the virtual operator of the "business" there carried on. We exercise free review over the interpretation of a statute. *Carrier v. Lake Pend Oreille Sch. Dist. No. 84*, 142 Idaho 804, 807, 134 P.3d 655, 658 (2006). Statutory interpretation begins with the "literal words of the statute" *Thomson v. City of Lewiston*, 137 Idaho 473, 478, 50 P.3d 488, 493 (2002) (internal quotations and citations omitted), and those "words must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole." *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001).

The plain and ordinary meaning of "business" does not include a non-profit governmental entity. Dictionary definitions of the word "business" include an "[e]mployment, occupation, profession, or commercial activity engaged in for gain or livelihood," Black's Law Dictionary 198 (6th ed. 1990), and "a commercial or mercantile activity engaged in as a means of livelihood," Merriam Webster's Collegiate Dictionary 154 (10th ed. 1993). Additionally, our virtual proprietor test looks at whether the alleged statutory employer is carrying on a business for pecuniary gain. *Robison*, 139 Idaho at 212, 76 P.3d at 956.

Pecuniary gain does not necessarily mean one must be making a profit; we have noted that sometimes a contractor may finish a job but be out money or be barely even. *Modlin v. Twin Falls Canal Co.*, 49 Idaho 199, 206, 286 P. 612, 614 (1930). The pecuniary gain requirement encompasses a person who supplies a service and receives remuneration for it. *Id.* Nevertheless, an entity must have a pecuniary interest in the particular business at hand. In *Jones v. Packer*

---

compensation, and hence is not a volunteer. "To be a judicial admission a statement must be a deliberate, clear, and unequivocal statement of a party about a concrete fact with that party's knowledge." *Strouse*, 129 Idaho at 619, 930 P.2d at 1364. (Ct. App. 1997).

*John Mines Corp.*, 60 Idaho 653, 95 P.2d 572 (1939), we held that the facts of that case did not support a holding that the mining corporation was a statutory employer. In that case the mining corporation entered into a lease with Earl Cantrell under which Cantrell would provide his own food and the corporation would provide powder, tools, and timber for mining. *Id.* at 655, 95 P.2d at 572. Each party would then receive 50% of the net proceeds. *Id.* The injured party, Richard Jones began working for Cantrell. *Id.* After unsatisfactory results, Cantrell abandoned the lease. *Id.* The corporation then offered Cantrell ten tons of ore out of any place on the mining property to compensate for the wasted time spent in mining the poor ore and to give him an opportunity to "get even." *Id.* When Cantrell and Jones began to mine for the gift ore, Jones became injured. *Id.* The Court held the corporation did not have any pecuniary interest in the gift ore and that the gift ore was being mined solely for the benefit of Cantrell and Jones. *Id.* at 661-62, 95 P.2d at 575. Thus, the corporation was not the virtual proprietor of the business of mining the ten tons of gift ore. *Id.* at 662, 95 P.2d at 575.

In *Harpole*, we looked at whether the State was a virtual proprietor when Harpole was injured while logging timber on State property. *Harpole*, 131 Idaho at 438, 958 P.2d at 595. The State contracted to sell Potlatch Corporation the timber rights on its property; Harpole was an employee of Potlatch. *Id.* We held that though the State may have received pecuniary gain for selling timber, that pecuniary gain was not the result of operating a logging business; thus, the State was not a virtual proprietor of the logging business even though the logging occurred on State property. *Id.* at 441, 958 P.2d at 598.

We conclude that District 93 is not conducting a business; it is not engaged in activity for the purposes of "livelihood," and operating a public school is not a commercial activity. Furthermore, there is no evidence that District 93 is receiving any pecuniary gain in connection with operating the school. Thus, because District 93 is not a "business" in the ordinary meaning of the word, it cannot be Cordova's category two statutory employer. Hence, District 93 is not entitled to immunity from tort suit under I.C. § 72-223.

## B. Borrowed employee

District 93 asserts that the trial court's order can be affirmed on the alternate ground that Cordova was a borrowed employee, and therefore, District 93 was her statutory employer. Cordova argues that the District Court properly decided there was an issue of fact as to whether

6

Cordova was a borrowed employee. Here, the district court correctly concluded there was a genuine issue of material fact on the borrowed employee claim.

A company is not subject to third party liability when it is the employer of a "loaned employee." *Lines v. Idaho Forest Indus.*, 125 Idaho 462, 464, 872 P.2d 725, 727 (1994). In *Lines*, we looked primarily at which employer had the right to control the employee and then examined whether there existed a contract for hire and whether the work done was essentially that of the special employer. *Id*. Important factors of control included whether there was exclusive supervision of the employee while on the job site, the right to terminate the worker, and whether the borrowing employer paid a fee to the loaning employer for the employee. *Id*. at 463, 872 P.2d at 726.

In this case, it is unclear whether District 93 or District 91 had the right to control Cordova. Since summary judgment is improper when there is an issue of material fact, we decline to affirm on the alternate ground that Cordova was a borrowed employee.

## C. District 93 is not entitled to attorney fees

District 93 requests an award of attorney fees under I.C. § 6-918A. Under that statute attorney fees may be awarded upon "a showing, by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." I.C. § 6-918A. "Bad faith is defined as dishonesty in belief or purpose." *Cobbley v. City of Challis*, 143 Idaho 130, __, 139 P.3d 732, 737 (2006) (internal quotations and citation omitted). It cannot be said that Cordova pursued this appeal against District 93 in bad faith. Thus, we deny District 93's request for attorney fees.

## III. CONCLUSION

We reverse the district court's grant of summary judgment to District 93. We also decline to award District 93 attorneys' fees. Costs to Appellant.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES, **CONCUR.**

7