823 P.2d 161

Evelyn Marie JENSEN, Claimant–
Appellant,

v.

The PILLSBURY COMPANY, Employer,
and Travelers Indemnity Company,
Surety, Defendants–Respondents.

No. 18823.

Supreme Court of Idaho,
Pocatello, September 1991 Term.

Jan. 3, 1992.

Jenkins Law Office, Idaho Falls, for claimant-appellant. Gordon W. Jenkins, Esq. argued.

Moffatt, Thomas, Barrett & Blanton, Chartered, Boise, for defendants-respondents. Glenna Christensen, argued.

PER CURIAM.

Claimant Evelyn Jensen appeals from the Industrial Commission's decision which denies her application for worker's compensation benefits on the ground that her cervical condition was not related to her industrial accident.

The Commission found that Ms. Jensen's cervical condition and resulting surgery were not related to her industrial accident of February 25, 1987, and therefore concluded that she was not entitled to worker's compensation benefits for that condition. The Commission further ruled that Ms. Jensen was entitled to all worker's compensation benefits related to her wrist injury and carpal tunnel syndrome.

Idaho Appellate Rule 11(d) provides: "An appeal as a matter of right may be taken to the Supreme Court from ... any final decision or order of the Industrial Commission or from any final decision or order upon rehearing or reconsideration by the administrative agency." I.A.R. 11(d). This Court held recently that, "a decision of the Commission which does not finally dispose of all of the claimant's claims would not be a final decision subject to appeal pursuant to I.A.R. 11(d)...." *Kindred v. Amalgamated Sugar Co,* 118 Idaho 147, 149, 795 P.2d 309, 311 (1990). Additionally, in *Reynolds v. Browning Ferris Indus.,* 113 Idaho 965, 969, 751 P.2d 113, 117 (1988), we held that "whenever the Commission explicitly retains jurisdiction over a matter, that act by its very nature infers that there is neither a final determination of the case nor a final permanent award to claimant."

A review of the record in the case before us discloses that the Commission failed to resolve all the issues arising from Ms. Jensen's 1987 industrial accident. It specifically declined to consider certain issues, stating, "[t]he Commission *reserves jurisdiction* on the issues of permanent physical impairment and permanent partial disability regarding Claimant's wrist and arm." (Emphasis added). Commission's Findings of Fact, Conclusions of Law and Order at 17.

The resolution of these issues is necessary for a "final order" within the meaning of I.A.R. 11(d). Consequently, the controversy before us is not presently subject to appeal as a matter of right pursuant to I.A.R. 11(d).

We therefore decline to rule on the merits of the parties' arguments and conclude

that the appeal should be dismissed. Accordingly, it is hereby ordered that the appeal is dismissed, without prejudice and without costs; the cause is remanded to the Commission for further proceedings in conformance with this opinion.