879 P.2d 29

**STATE of Idaho DEPARTMENT OF EMPLOYMENT, Plaintiff–Respondent,**

v.

**Nicolette G. BLACHLY, dba American Beauty Salon, Employer Account # 000143594–9, Defendant–Appellant.**

No. 20484.

Supreme Court of Idaho, Boise, January 1994 Term.

July 29, 1994.

Rehearing Denied July 29, 1994.

Larry EchoHawk, Idaho Atty. Gen., John C. Hummel, Deputy Atty. Gen. (argued), Boise, for respondent.

Coffin, Snyder & Matthews, Boise, for appellant. William R. Snyder argued, Boise.

**1994 OPINION NUMBER 30, ISSUED MARCH 9, 1994, IS HEREBY WITHDRAWN AND THIS OPINION IS SUBSTITUTED THEREFORE. PETITION FOR REHEARING DENIED.**

PER CURIAM.

**I.**

**BACKGROUND AND PRIOR PROCEEDINGS**

Nicolette Blachly ("Blachly"), a licensed manicurist, operated the American Beauty Salon (the "Salon") which was licensed in her name. Four cosmetologists worked at the Salon. On April 27, 1990, a status determination was filed with the Department of Employment (the "Department") holding that Blachly was liable for unemployment insurance contributions on the four cosmetologists' wages for the period of July 1, 1986 through December 31, 1988.

Blachly appealed this determination and a hearing was held before an appeals examiner from the Department. The appeals examiner affirmed the determination that Blachly was liable for unemployment insurance contributions, but modified the period for which Blachly was liable. The appeals examiner held that the statute of limitations, I.C. § 5–218, barred any liability for contributions due before January 1, 1987.

Blachly appealed that decision to the Industrial Commission (the "Commission"). Limiting the question presented to whether "services were performed and wages were received in covered employment" under the Idaho Employment Security Law, the Commission affirmed the appeals examiner's ruling that Blachly was liable for unemployment contributions. The Commission did not determine the period for which contributions were due or the amount of Blachly's liability.

**II.**

**ANALYSIS**

Idaho Appellate Rule 11(d) provides that an appeal can be taken as a matter of right "[f]rom any final decision or order of the Industrial Commission or from any final decision or order upon rehearing or reconsideration by the administrative agency." This Court has held that a decision or order that does not "finally dispose of all of the claimant's claims would not be a final decision subject to appeal pursuant to I.A.R.

11(d)...." *Kindred v. Amalgamated Sugar Co.*, 118 Idaho 147, 149, 795 P.2d 309, 311 (1990). The Commission has not resolved all of the issues regarding Blachly's liability. Because issues necessary for a "final order" remain unresolved, this case does not present an appeal as a matter of right under I.A.R. 11(d). *Jensen v. Pillsbury Co.*, 121 Idaho 127, 823 P.2d 161 (1992). We therefore decline to rule on the issues presented by the parties and order that this appeal is dismissed, without prejudice and without costs, and the cause remanded to the Commission.

The Department urges that the present case is indistinguishable from *Wulff v. Sun Valley Co.*, Supreme Court No. 21085, in which this Court reinstated a previously dismissed appeal from an order of the Industrial Commission that did not include findings as to the amount of unemployment benefits due the claimant.[1] In *Wulff,* however, the only issue left unresolved by the Commission's decision was the mathematical calculation of the amount due an unemployment compensation claimant if that claimant was eligible for such benefits. In the present case, the status examiner held that the statute of limitations set out in I.C. § 5–218 limited the period for which Blachly was liable, and the appeals examiner reversed this holding. The Commission declined ruling on this issue, stating "we do not determine whether the Department of Employment can collect taxes for a period exceeding three years prior to the time Employer was notified that it was not in compliance." Unlike the order in *Wulff,* a disputed issue has been left unresolved by the Commission's order, which requires more than the mere ministerial calculation of the amount of Blachly's liability to resolve. We therefore decline to rule on the issues presented by the parties and order that this appeal is dismissed, without prejudice and without costs, and the cause remanded to the Commission. *Cf. Lines v. Idaho Forest Indus.*, 125 Idaho 462, 464, 872 P.2d 725, 727 (1994) (Industrial Commission decision leaving amount of compensation unresolved is not a final order subject to appeal under I.A.R. 11(d)).

---

1. This Court also withdrew an order of dismissal issued for the same reason in *Perkins v. Thurmond Enterprises,* Supreme Court No. 20926. However, after the appellant in that case filed a motion to dismiss, the order of dismissal was reinstated.