879 P.2d 602

**In the Matter of Kirk B. NAGLE, Claimant.**

**HARTEN ALUMINUM COMPANY, INC., Employer Acct. # 000058332–4, Employer–Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF EMPLOYMENT, Defendant–Respondent.**

No. 20776.

Supreme Court of Idaho, Boise, May 1994 Term.

Aug. 16, 1994.

Johnson Olson, Chartered, Pocatello, for appellant. Charles Johnson, III argued.

Larry EchoHawk, Idaho Atty. Gen., John C. Hummel, Deputy Atty. Gen., Boise, for respondent. John C. Hummel argued.

PER CURIAM.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

This case involves an appeal of an Industrial Commission (the Commission) determination, reversing the decision of an appeals examiner, that an unemployment claimant, Kirk Nagle, was an employee of Harten Aluminum Co., Inc. (Harten). The Commission found that Nagle was not an independent subcontractor, as Harten had designated him and that, therefore, Harten was responsible for paying unemployment insurance contributions for Nagle. The Commission did not determine the period for which contributions

were due or the total amount of Harten's liability.

## II.

## ANALYSIS

Idaho Appellate Rule 11(d) provides that an appeal can be taken as a matter of right "[f]rom any final decision or order of the Industrial Commission or from any final decision or order upon rehearing or reconsideration by the administrative agency." This Court has held that a decision or order that does not "finally dispose of all of the claimant's claims would not be a final decision subject to appeal pursuant to I.A.R. 11(d)...." *Kindred v. Amalgamated Sugar Co.,* 118 Idaho 147, 149, 795 P.2d 309, 311 (1990). Quite recently, this Court held that where the Commission had not determined the period for which unemployment insurance contributions were due from an employer or the amount of the employer's liability, there was no "final order" for purposes of review. *State v. Blachly,* 126 Idaho 121, 879 P.2d 29 (1994); *State v. Hopper,* # 20485, 126 Idaho 144, 879 P.2d 1077 (filed July 29, 1994). In this case, the Commission has not resolved all of the issues regarding Harten's liability. Because issues necessary for a "final order" remain unresolved, this case does not present an appeal as a matter of right under I.A.R. 11(d). *State v. Blachly,* 126 Idaho 121, 879 P.2d 29 (1994); *State v. Hopper,* 126 Idaho 144, 879 P.2d 1077 (1994). We therefore decline to rule on the issues presented by the parties and order that this appeal be dismissed, without prejudice and without costs, and that the cause be remanded to the Commission.