111 P.3d 141

**Fritz HARTMAN, Claimant–Respondent,**

v.

**DOUBLE L MANUFACTURING, Employer, and Everest National Insurance Company, Surety, Defendants,**

and

**State of Idaho, Industrial Special Indemnity Fund, Defendant–Appellant.**

**Fritz Hartman, Claimant–Respondent,**

v.

**Double L Manufacturing, Employer, and Everest National Insurance Company, Surety, Defendants–Appellants,**

and

**State of Idaho, Industrial Special Indemnity Fund, Defendant.**

Nos. 30372, 30392.

Supreme Court of Idaho,
Boise, March 2004 Term.

April 6, 2005.

---

Hopkins, Roden, Crockett, Hansen & Hoopes, Idaho Falls and Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for appellants in case no. 30372 and for respondents in case no. 30392. Paul B. Rippel argued.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for appellant Double L. Manufacturing in case no. 30392. Glenna M. Christensen argued.

Cooper & Larsen, Pocatello, for respondent Hartman in case no. 30372 and 30392. Reed W. Larsen argued.

BURDICK, Justice.

This is a worker's compensation case. The employer, its surety, and the Industrial Special Indemnity Fund (ISIF) appeal from the Industrial Commission's December 4, 2003 findings of fact, conclusions of law, and order. Because the Industrial Commission's decision is not a final appealable order, we dismiss the appeal and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

During Fritz Hartman's eleven-year employment with Double L Manufacturing he was involved in three separate accidents. The third accident is the subject of Hartman's claim for worker's compensation benefits and benefits from the ISIF for total and permanent disability. The accident occurred on March 16, 1999, when a piler boom, a heavy piece of equipment that usually takes a crane to lift, was being moved on a small cart and slipped. Hartman tried to grab or catch the piler boom and twisted his back. Hartman felt the immediate onset of pain.

In a consolidated case the Industrial Commission heard testimony and concluded Hartman suffered an injury caused by the accident at.work on March 16, 1999. Additionally, it determined that Hartman is totally and permanently disabled. Because the Industrial Commission could not establish from the record the extent of ISIF's liability, it retained jurisdiction over the issue to enable the parties to resolve the matter or present additional evidence for consideration. Double L Manufacturing, its surety, and ISIF timely appealed.

## ANALYSIS

THIS COURT DISMISSES THE APPEAL AND REMANDS THE MATTER FOR FURTHER PROCEEDINGS BECAUSE THE APPELLANTS HAVE NOT APPEALED FROM A FINAL ORDER

On appeal, this Court must address finality even if the parties fail to raise it because the issue is jurisdictional. "An appeal as a matter of right may be taken to the Supreme Court from the following judgments and orders: ... From any final decision or order of the Industrial Commission or from any final decision or order upon rehearing or reconsideration by the administrative agency." I.A.R. 11(d). "This Court has held that a decision or order that does not 'finally dispose of all of the claimant's claims would not be a final decision subject to appeal pursuant to I.A.R. 11(d)....' " *Matter of Nagle,* 126 Idaho 139, 140, 879 P.2d 602, 603 (1994) (quoting *Kindred v. Amalgamated*

*Sugar Co.,* 118 Idaho 147, 149, 795 P.2d 309, 311 (1990)). A determination of liability without the determination of the amount of compensation is not a final order. *Lines v. Idaho Forest Industries,* 125 Idaho 462, 464, 872 P.2d 725, 727 (1994). "[W]e held that 'whenever the Commission explicitly retains jurisdiction over a matter, that act by its very nature infers that there is neither a final determination of the case nor a final permanent award to claimant.' " *Jensen v. The Pillsbury Co.,* 121 Idaho 127, 127, 823 P.2d 161, 161 (1992) (quoting *Reynolds v. Browning Ferris Indus.,* 113 Idaho 965, 969 751 P.2d 113, 117 (1988)).

■ In this case the Industrial Commission has not resolved the extent of ISIF's liability. The Industrial Commission did find that Double L Manufacturing and its surety were liable for the portion of disability caused by the March 1999 accident and ISIF is liable for the remainder. However, the Industrial Commission specifically declined to consider certain issues, stating, "[t]he extent of liability for ISIF cannot be determined from the record in this case. The Commission will retain jurisdiction over this issue to enable the parties to resolve this matter or present additional evidence for consideration." The resolution of these issues is necessary for a "final order" within the meaning of I.A.R. 11(d).

Appellant ISIF argues the Industrial Commission has no legal authority to retain jurisdiction for the determination of ISIF's extent of liability. ISIF contends that the only mechanism by which the Industrial Commission may retain jurisdiction is under the circumstances where a claimant's progressive injury has not stabilized and the impairment cannot be adequately determined for the purpose of establishing a permanent disability rating. *See Reynolds v. Browning Ferris Industries,* 113 Idaho 965, 751 P.2d 113 (1988). ISIF contends that retaining jurisdiction for any other reason than that identified in *Reynolds* would be a misapplication of the law, and potentially the Industrial Commission's order would never be considered final for any reason, resulting in a denial of due process. ISIF also asserts that the In-

dustrial Commission must simply deny the claim for Hartman's failure to prove his case.

■ "Since the inception of Idaho's Workers' Compensation Act, Industrial Commission proceedings have been informal and designed for simplicity; the primary purpose of these proceedings being the attainment of justice in each individual case." *Hagler v. Micron Technology, Inc.,* 118 Idaho 596, 599, 798 P.2d 55, 58 (1990). Industrial Commission proceedings should be simple, accommodating to claimants, and above all seek justice. *Id.* "[T]he Commission has historically been imbued with certain powers that specifically enable it to simplify proceedings and enhance the likelihood of equitable and just results." *Id.*

> When a claimant has failed or overlooked submitting evidence to establish the amount of compensation to which he is entitled, and there is no question but that he is entitled to compensation, then it is the duty of the Board to call attention to such failure and see to it that whatever evidence is available to establish such fact is presented, and then make the necessary findings of fact.

*Watkins v. Cavanagh,* 61 Idaho 720, 722, 107 P.2d 155, 157 (1940) (quoting *Feuling v. Farmers' Co-operative Ditch Co.,* 54 Idaho 326, 334, 31 P.2d 683, 686 (1934)). Moreover, I.C. § 72-714(3) provides: "The commission, or member thereof, or a hearing officer, referee or examiner, to whom the matter has been assigned, shall make such inquires and investigations as may be deemed necessary." As stated in *Hagler,* "none of our opinions in recent years have had occasion to remind the Commission of the inherent powers it possesses." 118 Idaho at 599, 798 P.2d at 58. Although, in this case, it is not the Industrial Commission we have to remind, but instead the parties practicing before it.

In this case, the Industrial Commission found that Hartman appeared to be entitled to compensation. Apparently, the Industrial Commission felt that Hartman either failed to present or overlooked submitting evidence regarding apportionment between the Appellants. Clearly, the Industrial Commission has authority to request that Hartman present adequate evidence on this issue. ISIF's

concern about an order never being considered final is flawed. Certainly, ISIF may litigate the retained issue to its resolution. ISIF's argument, that retaining jurisdiction is a violation of due process, is flawed as they are not foreclosed from calling further hearings, nor from litigating the issue to finality. This is not to say matters may be retained for extraordinary periods without cogent reasons. We decline to rule on the substantive issues presented by the parties and order that this appeal be dismissed, without prejudice and without costs, and that the cause be remanded to the Industrial Commission. *Lines*, 125 Idaho at 464, 872 P.2d at 727.

### CONCLUSION

We dismiss the appeal.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES concur.